BRIAN A. VOGEL, SBN 167493
brian@bvogel.com
HEATHER A. QUEST, SBN 186740
heather@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
Facsimile: (805) 654-0326

FILED
CLERK, U.S. DISTRICT COURT
MAR - 6 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                                DEPUTY

Attorneys for Plaintiff ROBERT RAMIREZ JR., by and through his
Guardian Ad Litem and Mother, LUCINA GARCIA

RON BAMIEH, SBN 159413
ronb@bamieherickson.com
DAVID R. RING SBN 134823
david@bamieherickson.com
LAURA COTA, SBN 249353
laura@bamieherickson.com
BAMIEH &ERICKSON, PLC
692 E. Thompson Blvd.
Ventura, CA 93001
Phone: (805) 643-5555
Facsimile: (805) 643-5558

Attorneys for Plaintiffs GUILLERMO RAMIREZ and TERESA
RAMIREZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

GUILLERMO RAMIREZ, an individual
and successor-in-interest to ROBERT
RAMIREZ, deceased; TERESA
RAMIREZ, an individual and successor-
in-interest to ROBERT RAMIREZ,
deceased, ROBERT RAMIREZ JR., an
individual and successor-in-interest to
ROBERT RAMIREZ, deceased, by and
through his Guardian Ad Litem and

Case No. **CV13- 01615** MWF (ANx)

COMPLAINT FOR DAMAGES

**Survival Claims:**
1. 42 U.S.C. § 1983
   Use of Excessive and Deadly Force
2. 42 U.S.C. § 1983
   Deliberate Indifference to Medical

1

Mother, LUCINA GARCIA,

       Plaintiffs,

    vs.

OXNARD POLICE DEPARTMENT,
CITY OF OXNARD, CHIEF JERI
WILLIAMS, an individual, STEVEN
RAMIREZ, an individual, MICHAEL
BOCANEGRA, an individual,
ROSLYNN WILFERT, an individual,
PEDRO RODRIGUEZ, an individual,
AARON ZAVALA, an individual,
KYLE BRANTNER, an individual,
MATTHEW ROSS, an individual, and
DOES 1-10, inclusive.

       Defendants.

              Needs
3.  California Government Code §
    845.6
4.  Municipal Liability on
    Decedent's 42 U.S.C. § 1983
    Claims - Deliberate Indifference
5.  Municipal Liability on
    Decedent's 42 U.S.C. § 1983
    Claims - Failure to Screen, Train,
    Supervise and Reprimand
6.  Civil Code § 52.1
7.  Assault
8.  Battery
9.  Negligence
10. Negligent Infliction of Emotional
    Distress
11. Intentional Infliction of Emotional
    Distress
**Individual Claims:**
12. 42 U.S.C. § 1983
    State Interference with Familial
    Relationship
13. Municipal Liability on
    Plaintiffs' 42 U.S.C. § 1983
    Claims - Deliberate Indifference
14. Municipal Liability on
    Plaintiffs' 42 U.S.C. § 1983
    Claims -Failure to Screen, Train,
    Supervise and Reprimand
15. Wrongful Death

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1.     This action arises under Title 42 of the United States Code, Section 1983 and the

Fourth and Fourteenth Amendments of the United States Constitution.  The unlawful acts

and practices alleged herein occurred in the City of Oxnard, California, which is within

this judicial district.  Further, this action arises under *California Code of Civil Procedure* sections 340(3), 377, 377.10(b), 377.11, 377.20, 377.30, 377.32(a), 377.34, 377.60(a), 377.61, and 377.62, and *California Probate Code* sections 6402, as Plaintiffs GUILLERMO RAMIREZ and TERESA RAMIREZ are the surviving parents and successors in interest of ROBERT RAMIREZ, deceased, ("DECEDENT"), and Plaintiff ROBERT RAMIREZ JR. is the surviving issue and successor in interest of DECEDENT.

## JURISDICTION AND VENUE

2.      Subject matter jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 and 1343, as it arises under 42 U.S.C. §1983.  Jurisdiction is also conferred upon this Court by *California Code of Civil Procedure* section 340(3).

3.      The acts complained of arose in the Central District of California.  Therefore, venue properly lies here pursuant to 28 U.S.C. § 1391. Venue in this Court is also proper pursuant to 28 U.S.C. §1391(b)(1) in that one or more Defendants resides in or has its principal place of business in the Central District of California.

4.      The survival claims in this action are joined with the individual wrongful death claims pursuant to Code Civ. Proc., § 377.62, as all claims arise out of the same wrongful act or neglect.

## JURISDICTIONAL PREREQUISITES

5.      Plaintiffs GUILLERMO RAMIREZ and TERESA RAMIREZ have fully complied with *California Government Code* section 910 *et seq.* by timely filing claims with Defendant CITY OF OXNARD and timely filing this lawsuit thereafter.  Plaintiff

1    ROBERT RAMIREZ JR. has complied with *California Government Code* section 910 *et*

2    *seq.* by timely filing a claim with Defendant CITY OF OXNARD.   Plaintiff ROBERT

3    RAMIREZ JR. has not yet received an acceptance or rejection on its claim and will

4

5    amend this Complaint once he has.

6                                          <u>PARTIES</u>

7
8    6.      Decedent ROBERT RAMIREZ ("DECEDENT"), at all times herein mentioned,

9    was a resident of Oxnard, State of California. He died on June 23, 2012 after the causes

10   of action alleged herein arose in his favor. DECEDENT would have been a plaintiff in

11
     this action had he lived.
12

13   7.      Plaintiff GUILLERMO RAMIREZ is the natural father of DECEDENT and is his

14   surviving heir-at-law. Plaintiff GUILLERMO RAMIREZ is the successor-in-interest and

15
     succeeds to DECEDENT'S causes of action against Defendants named herein because
16

17   there is no personal representative of the estate of DECEDENT ROBERT RAMIREZ.

18   Plaintiff GUILLERMO RAMIREZ will have timely executed and filed the declaration

19
     under penalty of perjury required by *California Code of Civil Procedure* section 377.32.
20

21   8.      At all times mentioned herein, Plaintiff GUILLERMO RAMIREZ was and is a

22   resident of Oxnard, California.

23
24   9.      Plaintiff TERESA RAMIREZ is the natural mother of DECEDENT and is his

25   surviving heir-at-law. Plaintiff TERESA RAMIREZ is the successor-in-interest and

26   succeeds to DECEDENT'S causes of action against Defendants named herein because

27   there is no personal representative of the estate of DECEDENT ROBERT RAMIREZ.
28

                                              4

Plaintiff TERESA RAMIREZ will have timely executed and filed the declaration under penalty of perjury required by *California Code of Civil Procedure* section 377.32.

10.     At all times mentioned herein, Plaintiff TERESA RAMIREZ was and is a resident of Oxnard, California.

11.     Plaintiff ROBERT RAMIREZ JR. at all relevant times mentioned herein, was an individual and resident of Oxnard, California.  He is the natural issue of DECEDENT and is his surviving heir-at-law.  His interests in this matter are represented by and through his Guardian Ad Litem and mother, LUCINA GARCIA. Plaintiff ROBERT RAMIREZ JR. R.R. is the successor-in-interest and succeeds to DECEDENT'S causes of action against Defendants named herein because there is no personal representative of the estate of DECEDENT ROBERT RAMIREZ. Plaintiff ROBERT RAMIREZ JR., by and through R.R. his guardian ad litem, LUCINA GARCIA, will have timely executed and filed the declaration under penalty of perjury required by *California Code of Civil Procedure* section 377.32.

12.     At all times mentioned herein, Defendant CITY OF OXNARD, ("CITY") was and is a public entity authorized by law to establish certain departments, responsible for enforcing the laws and protecting the welfare of the citizens of the City of Oxnard.  At all times mentioned herein, Defendant CITY was and is ultimately responsible for overseeing the operation, management, and supervision of the Oxnard Police Department. Defendant CITY is liable for the negligent and reckless acts of all of these aforementioned parties, personnel and entities, as described herein.

13.     At all times material herein, Defendant OXNARD POLICE DEPARTMENT ("OPD"), was and is a public entity responsible for providing law enforcement services for Defendant CITY.

14.     At all times mentioned herein, Defendant OPD was and is the duly authorized law enforcement agency in and for the City of Oxnard, California, and was and is responsible for overseeing the operation, management, and supervision of the OPD employees who patrol in Oxnard, California, and is liable for the negligent and reckless acts of all employees, personnel, and entities, including, but not limited to, Defendants Officer STEVEN RAMIREZ, Officer MICHAEL BOCANEGRA, Officer ROSLYNN WILFERT, Officer PEDRO RODRIGUEZ, Officer AARON ZAVALA, Officer KYLE BRANTNER AND Officer MATTHEW ROSS, their supervisors, and any DOES 1-10, inclusive.

15.     At all times material herein, Defendant CHIEF JERI WILLIAMS, ("WILLIAMS"), was the police chief of Defendant CITY, and was responsible for supervising, operating, and managing OPD and was further responsible for the policies, customs, and procedures used at OPD.  She is being sued in her individual and official capacities.

16.     At all times material herein, Senior Officer STEVEN RAMIREZ ("RAMIREZ") was, and is, a natural person, residing in the Central District of California and acting as a duly appointed police officer employed by Defendant CITY at Defendant OPD which is located in the Central District of California.  Plaintiffs are informed and believe and

based thereon allege that Defendant RAMIREZ was the acting supervisor at the scene of the incident and as such, at all material times herein, had and has supervisory authority over Defendant OFFICERS and DOES 1-10.

17.     At all times material herein, Officer MICHAEL BOCANEGRA ("BOCANEGRA") was, and is, a natural person, residing in the Central District of California and acting as a duly appointed police officer employed by Defendant CITY at Defendant OPD which is located in the Central District of California.

18.     At all times material herein, Officer ROSLYNN WILFERT ("WILFERT"), was, and is, a natural person, residing in the Central District of California and acting as a duly appointed police officer employed by Defendant CITY at Defendant OPD which is located in the Central District of California.

19.     At all times material herein, Officer PEDRO RODRIGUEZ ("RODRIGUEZ"), was, and is, a natural person, residing in the Central District of California and acting as a duly appointed police officer employed by Defendant CITY at Defendant OPD which is located in the Central District of California.

20.     At all times material herein, Officer AARON ZAVALA ("ZAVALA"),  was, and is, a natural person, residing in the Central District of California and acting as a duly appointed police officer employed by Defendant CITY at Defendant OPD which is located in the Central District of California.

21.     At all times material herein, Officer KYLE BRANTNER ("BRANTNER"),  was, and is, a natural person, residing in the Central District of California and acting as a duly

1   appointed police officer employed by Defendant CITY at Defendant OPD which is

2   located in the Central District of California.

3

4   22.   At all times material herein, Officer MATTHEW ROSS ("ROSS"), was, and is, a

5   natural person, residing in the Central District of California and acting as a duly

6   appointed police officer employed by Defendant CITY at Defendant OPD which is

7   located in the Central District of California.

8

9   23.   Defendant Officer STEVEN RAMIREZ, Defendant Officer MICHAEL

10  BOCANEGRA, Defendant Officer ROSLYNN WILFERT, Defendant Officer PEDRO

11  RODRIGUEZ, Defendant Officer AARON ZAVALA, Defendant Officer KYLE

12  BRANTNER and Defendant Officer MATTHEW ROSS are collectively referred to

13  herein as "Defendant OFFICERS".

14

15  24.   Upon information and belief, Defendants DOES 1-10 were each responsible in

16  some manner for the injuries and damages alleged herein. The true names and identities

17  of Defendants DOES 1-10 are presently unknown to Plaintiffs.  Upon information and

18  belief, at all relevant times herein Defendants DOES 1-10 were employees and/or agents

19  of CITY and/or OPD, acting at all relevant times within the scope of their employment

20  with CITY and/or OPD.  Upon information and belief, such employees include, *inter alia*,

21  OPD police officers or supervising employees and/or agents who were involved in any

22  manner in the incidents alleged in this Complaint.  Plaintiffs will amend this Complaint to

23  allege their true names and capacities when they are ascertained.  Plaintiffs are informed,

24  believe and based thereon alleges that each Defendant DOE herein is in some manner

25

26

27

28

8

1   responsible for the injuries and damages suffered by Plaintiffs.

2   ///

3

4                              GENERAL ALLEGATIONS

5   25.     This action is brought under Title 42 U.S.C. §§1983, 1988, and the Fourth and

6   Fourteenth Amendments of the United States Constitution and pursuant to the general

7   laws of the United States and the State of California.  Plaintiffs allege that on June 23,

8   2012, DECEDENT was beaten with excessive force by Defendant OFFICERS and was

9   denied access to necessary medical treatment by Defendant OFFICERS, which caused his

10  death on the same date.

11

12  26.     At all times relevant to the facts alleged herein, Defendant OFFICERS and DOES

13  1-10, and each of them, including Defendants RAMIREZ, BOCANEGRA, WILFERT,

14  RODRIGUEZ, ZAVALA, BRANTNER and ROSS, are responsible for the unlawful

15  conduct and resulting injury by, *inter alia*, personally participating in the conduct, or

16  acting jointly and in concert with others who did so; by authorizing, acquiescing, or

17  failing to take action to prevent the unlawful conduct.  Each said defendant was acting in

18  the course and scope of such employment and acting under color of law.

19  27.     All non-municipal Defendants including RAMIREZ, BOCANEGRA, WILFERT,

20  RODRIGUEZ, ZAVALA, BRANTNER and ROSS and DOES 1 through 10, are being

21  sued in their individual and official capacities, and at the time of the acts complained,

22  were each duly appointed and acting officers employed as such by Defendants CITY and

23  OPD, and at the time of the acts hereinafter complained of, each said defendant was

24

25

26

27

28

                                          9

acting in the course and scope of such employment and acting under color of law, by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs, to intervene to stop the unlawful conduct, and by ratifying the conduct that occurred by agents and officers under their direction and control.

28.     At all times relevant to the facts alleged herein municipal Defendants CITY, OPD, WILLIAMS and DOES 1-10 were at all times responsible for the hiring, training, supervision, and discipline of other defendants, and were responsible for violation of Plaintiffs' rights.

29.     At all material times, each Defendant was individually and jointly engaged in tortuous activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

30.     Plaintiffs are informed and believe, and on such information and belief alleges that, at all times mentioned herein, each of the non-municipal Defendants was the agent and employee of Defendants CITY and the OPD and, in doing the things herein mentioned, were acting within the scope of their authority as such agents and employees and with the permission and consent of their Co-Defendants.

31.     Plaintiffs are informed and believe that each Defendant sued herein was responsible in some manner for the events as hereinafter described, and proximately caused injuries and damages to Plaintiffs.

<u>FACTUAL ALLEGATIONS</u>

10

32.     On or about June 23, 2012, at approximately 9:45 p.m., DECEDENT drove to his friend, Erica Pedro's house at 1158 South L Street, Oxnard, California.

33.     Upon arriving, DECEDENT informed Ms. Pedro that he had swallowed an "8 ball" of methamphetamine which was contained in a plastic baggie because he had been stopped by a police car and he did not want to get caught with it.

34.     Ms. Pedro observed that DECEDENT was acting strangely.  She offered to take him to the emergency room, but DECEDENT declined.  At this point, DECEDENT was on the front lawn of the Pedro residence.

35.     Ms. Pedro's brother-in-law, Arturo Pedro, arrived and Ms. Pedro told Mr. Pedro that DECEDENT had swallowed a bag containing an "8 ball" of methamphetamine.

36.     Concerned that DECEDENT may have been overdosing on methamphetamine, Arturo Pedro called 911 at 10:40 p.m.

37.     Mr. Pedro informed the 911 dispatcher that he needed an ambulance to come because he thought that DECEDENT was overdosing.  Mr. Pedro specifically informed the 911 dispatcher that "the guy got pulled over by the police and he panicked and swallowed a eight bell of meth."

38.     Mr. Pedro further informed the 911 dispatcher that DECEDENT needed medical attention.  The dispatcher asked Mr. Pedro whether he needed to send in the police first.  Mr. Pedro responded that the police should be sent first.  He also stated that it appeared that DECEDENT was having a fit that was "almost borderline seizure."  The dispatcher contacted both the police and the emergency response technicians in response to the call.

39.   Defendant OFFICERS arrived at the Pedro residence approximately five minutes after Mr. Pedro made the 911 call.

40.   DECEDENT moved from the front lawn to the front porch of the Pedro residence as Defendant OFFICERS arrived.  Initially, three officers arrived.  Arturo Pedro informed the first officer that arrived that DECEDENT had swallowed an 8 ball of meth and that he needed help.  The three officers approached DECEDENT in a semi-circle fashion, with at least one officer pointing his or her taser at DECEDENT.

41.   Arturo Pedro told the police officers that they did not need to tase him, they just needed to hold him and calm him down so that the EMTs could do their job.

42.   Erica Pedro also informed Defendant OFFICERS that DECEDENT had swallowed some drugs and that he was not okay.  She informed them that she had observed DECEDENT hallucinating.  Defendant OFFICERS told Ms. Pedro to get out of the way.  One officer stated that they had to calm DECEDENT down in order to get him to the emergency room.

43.   DECEDENT was generally unresponsive to the police questioning while he was on the porch.  At least three officers pointed their tasers at DECEDENT'S body while he was sitting on the porch.

44.   Approximately four additional officers arrived at this point.  These officers joined the others in surrounding DECEDENT on the porch.  One officer told DECEDENT that he should get on his stomach.  DECEDENT then stood up and approximately six Defendant police officers descended on DECEDENT, grabbed him and forced him face-

down onto concrete.  They then got on top of him and beat him over his face and body.

45.     While the officers were on top of DECEDENT, he was face down, on his stomach, and in a prone position.  Defendant WILFERT, who was on DECEDENT'S, back put her knee down onto DECEDENT'S back.  Another Defendant Officer utilized an "arm bar choke hold" on DECEDENT. Several Defendant OFFICERS were on DECEDENT'S legs.  Defendant OFFICERS put DECEDENT'S hands behind his back.

46.     While DECEDENT was on the ground under Defendant OFFICERS, he began to scream in pain and he yelled several times, "Stop, you are hurting me!"

47.     Defendant OFFICERS applied one handcuff and then used a collapsible baton to pry DECEDENT'S other arm out and put it behind his back.  Immediately after, Defendant OFFICERS placed the handcuffs on his other arm and, while they were still on top of him, DECEDENT stopped moving and fell silent.

48.     While Defendant OFFICERS were on top of him, DECEDENT screamed in pain continuously until he lost consciousness.  At first DECEDENT hollered and struggled. He then made a strange screaming and crying sound for about 30-45 seconds, then was silent.  Witnesses heard him make choking sounds.

49.     While he was still alive, Defendant OFFICERS tased him several times.

50.     When DECEDENT stopped moving, all but one police officer got off of him.  One remained, turned DECEDENT on his side and stated, "He's not breathing."  At that point, Defendant WILFERT checked DECEDENT for a pulse.  She stated that he had a pulse and began to rub DECEDENT'S chest.  All of the Defendant OFFICERS turned off their

flashlights and crowded around the DECEDENT.

51.     Throughout this time period, Arturo Pedro informed at least three different officers that DECEDENT had swallowed an 8 ball of meth.

52.     At some point, the emergency medical technicians ("EMTs") from Gold Coast Ambulance arrived at the scene.  It is currently unknown at what time the EMTs arrived or who contacted actually spoke with them.  According to the EMT report, Defendant OFFICERS told the EMTs that the patient was conscious and combative approximately one minute prior to the EMTs' arrival at which time he became unresponsive.  The EMT report also indicates that the EMTs arrived at approximately 11:01 p.m.

53.     The EMTs' initial assessment of DECEDENT was that he was pulseless.  The EMTs "airway-bagged" his mouth and gave him oxygen.  They also injected him with three 1 mg doses of Epinephrine and sodium bicarbonate.  The EMTs intubated him at approximately 11:14 p.m.  None of these treatments brought back DECEDENT'S pulse or otherwise revived him.

54.     After working on DECEDENT for approximately ten minutes, the EMTs transported him to St. John's Regional Medical Center in Oxnard, California. DECEDENT arrived at the St. John's emergency room at 11:25 p.m. as a "Code Blue".

55.     When DECEDENT arrived at the emergency room at St. John's, he was in cardiopulmonary arrest.  The EMTs reported to the St. John's staff that there was a down-time of fifteen minutes prior to their arrival to the hospital.

56.     The physical examination of DECEDENT upon arrival at St. John's shows that he

14

had no spontaneous pulse, no spontaneous blood pressure, and no spontaneous respiratory rate. His pupils were dilated to 10 mm and were unreactive.

57.     Despite life-saving procedures taken at St. John's, DECEDENT was pronounced dead at 11:41 p.m. on June 23, 2012.

58.     DECEDENT was born on February 2, 1986, and was 26 years old at the time of his death. DECEDENT was in good health at the time of his death and did not have any past problems with his heart.

59.     At no point during his interaction with Defendant OFFICERS did DECEDENT make any threatening statements, act violently toward others, or otherwise indicate that he posed a threat to the officers or others.

60.     DECEDENT was unarmed.

61.     At no point during his interaction with Defendant police officer did DECEDENT try to run away or flee from the officers.

62.     A review of DECEDENT'S corpse a day later indicated that DECEDENT'S nose had been broken as it was pushed completely to one side. His right arm appeared either possibly dislocated or broken. DECEDENT had prominent bruises and abrasions to the frontal lobe, side and above his eyebrows. He had indented areas on his face and on his body. There were multiple bruises on his left arm and also his legs. He had bruising on both sides of his abdomen. His skull showed signs of indentations and possible fractures.

63.     On or about November 21, 2012, the Ventura County Medical Examiner ("Coroner") released a report on the probable cause and manner of death of DECEDENT.

This report stated, in relevant part, that the cause of death was "[a]sphyxia from active prone restraint (restraint asphyxia)." The contributing conditions listed were "[m]ethamphetamine and marijuana intoxication with agitation, delirium and hyperthermia; cardiac complications of restraint related stresses." The manner of death is listed in the report as "Homicide". The report further stated that DECEDENT, "[w]hile intoxicated from swallowed bags of methamphetamine and marijuana, subject lost signs of life during a prone restraint by police officers; pronounced dead shortly thereafter."

64.     The Coroner's report further stated: "Verbal attempts by police to get cooperation and compliance for safe transport to the hospital were unsuccessful and a decision was made to try to handcuff DECEDENT to allow safe medical care and transport. *This ultimately became a situation of prone restraint during a struggle with application of compression force, handcuff and leg restraints that eventuated in loss of consciousness and a cardiopulmonary arrest that was not able to be reversed medically*." (Emphasis added.)

<u>FIRST CLAIM FOR RELIEF</u>

Violation of Civil Rights: Use of Excessive and Deadly Force

(42 U.S.C. § 1983/4th Amendment) (Survival Claim)

Plaintiffs, as Successors in Interest of DECEDENT,

Against Defendant OFFICERS and DOES 1-10

65.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 64, as though set forth herein verbatim.

16

66.     Plaintiffs bring this cause of action under 42 U.S.C. § 1983, as successors in interest of DECEDENT as against Defendant OFFICERS and DOES 1-10.

67.     Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendant OFFICERS and DOES 1-10 and each of them, intentionally and maliciously deprived DECEDENT of rights secured to him by the Fourth, and Fourteenth Amendments to the United States Constitution in that Defendant OFFICERS and DOES 1-10, subjected DECEDENT to unreasonable, unnecessary and excessive force even though no strong government interest compelled the need for the officers to use force, especially the use of deadly force, including but not limited to doing the following:

a.      Defendant OFFICERS and DOES 1-10 used deadly force even though DECEDENT had not committed a serious crime, was unarmed, and did not pose a threat of death or serious physical injury to the officers or to others;

b.      The force used was deadly because the beating and tasing by Defendant OFFICERS of DECEDENT was reasonably likely to cause his death when applied under the circumstances they were applied in DECEDENT'S case, as it did in DECEDENT'S case;

c.      The force used was deadly because pressing weight on a person and applying a choke hold on a person who was already struggling to breathe and in obvious pain and was begging to get free to breath was reasonably likely to cause death, as it did in DECEDENT'S case;

17

d.      Defendant OFFICERS and DOES 1-10 assaulted and battered

DECEDENT by grabbing throwing DECEDENT to the ground face first, tasing him,

getting on top of him, continuously pressing their body weight on him, beating him while

he was in a prone position, and choking him even though DECEDENT had not made any

aggressive moves that threatened officer safety;

e.      Defendant OFFICERS and DOES 1-10 continued to choke DECEDENT

and stayed on top of him ignoring his pleas that to stop hurting him and then hearing him

make sounds that indicated he was choking and which should have alerted all of the

Defendant OFFICERS and DOES 1-10 of the risk of causing respiratory distress;

f.      Defendant OFFICERS and DOES 1-10 delayed the necessary medical

treatment of DECEDENT by the EMTs while Defendant OFFICERS and DOES 1-10

were using their force on DECEDENT;

g.      Despite having more than sufficient time to do so, Defendant SENIOR OFFICER

RAMIREZ failed to intervene to prevent Defendant OFFICERS and DOES 1 through

10's continued use of excessive and deadly force against DECEDENT.  Defendant

Defendant SENIOR OFFICER RAMIREZ ignored DECEDENT'S repeated pleas that

they were hurting him and ignored the choking sounds.  Defendant SENIOR OFFICER

RAMIREZ instead assisted the other officers in continuing to use excessive and deadly

force including the beating, tasing, restraining and applying a choke-hold, and assisted the

officers as they continued to press their combined weight on DECEDENT;

h.      Defendant SENIOR OFFICER RAMIREZ further failed to intervene by not

instructing and not directing his subordinate officers to make sure DECEDENT could

breath;

i.      At all times during the events described herein, Defendant OFFICERS and DOES

1-10, assisted each other in performing the various actions described and lent their

physical presence and support and authority of their office to each other during the event;

and,

j.      At all times during the events described herein, Defendant OFFICERS and DOES

1 through 10 engaged in a conspiracy to cover up the excessive use of force, by among

other things, providing false and misleading reports to the EMTs and other medical

providers as to events leading up to DECEDENT'S death and the timing of those events;

and,

k.      At all times during the events described herein, Defendant OFFICERS and DOES

1 through 10 engaged in a conspiracy to cover up the excessive use of force, by among

other things, providing false and misleading police reports and statements pertaining to

the incident.

68.      The unreasonable use of deadly force by Defendant OFFICERS and DOES 1-10,

deprived DECEDENT of his right to be secure in his person against unreasonable

searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the

United States Constitution and applied to state actors by the Fourteenth Amendment.

69.      As a direct and proximate result of Defendant OFFICERS' and DOES 1 through

10's wrongful conduct described hereinabove, DECEDENT suffered extreme pain and

suffering and also the loss of his life.

70.     DECEDENT suffered special and general damages as allowable under federal law in an amount to be proven at trial.

71.     Plaintiffs are informed, believe and based thereon allege that, in engaging in the conduct alleged herein, Defendant OFFICERS and DOES 1-10 acted with the intent to injure, vex, annoy and harass DECEDENT, and subjected DECEDENT to cruel and unjust hardship in conscious disregard of his rights with the intention on the part of the Defendant OFFICERS and DOES 1-10 of thereby depriving DECEDENT of his liberty and legal rights and otherwise cause DECEDENT injury.

72.     As a result of the foregoing, Plaintiffs seek exemplary and punitive damages against  Defendant OFFICERS and DOES 1-10 on behalf of DECEDENT.

73.     Further, as a result of the foregoing, Plaintiffs seek an award of reasonable attorneys' fees and costs according to proof, pursuant to 42 U.S.C. §1988.

<u>SECOND CLAIM FOR RELIEF</u>

**Violation of Civil Rights: Deliberate Indifference to Serious Medical Needs**

**(42 U.S.C. § 1983/4th and 14th Amendment) (Survival Claim)**

**Plaintiffs, as Successors in Interest of DECEDENT,**

**Against Defendant OFFICERS and DOES 1-10**

74.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 73, as though set forth herein verbatim.

75.     Plaintiffs bring this cause of action under 42 U.S.C. § 1983, as successors in

interest of DECEDENT as against Defendant OFFICERS and DOES 1-10.

76.     This Count arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution.

77.     Directly preceding his death, DECEDENT was under the control of Defendant OFFICERS and DOES 1-10 and was unable to seek medical attention on his own. Defendant OFFICERS and DOES 1-10 knew or should have known that DECEDENT was in serious need of immediate medical attention after receiving the 911 call that DECEDENT had ingested an 8-ball of methamphetamine and was overdosing. Defendant OFFICERS and DOES 1-10 were obligated to take all reasonable measures under the circumstances to obtain prompt and/or immediate medical treatment for DECEDENT'S medical condition yet failed to do so.

78.     Defendant OFFICERS and DOES 1-10 acted with reckless disregard and conscience-shocking indifference to DECEDENT'S serious medical needs, rights and safety by intentionally delaying necessary medical care.

79.     Defendant OFFICERS and DOES 1-10 also acted with reckless disregard and conscience-shocking indifference to DECEDENT'S serious medical needs, rights and safety by intentionally denying DECEDENT medical care consistent with the applicable standards of care.

80.     Defendant OFFICERS and DOES 1-10 knew that their actions and/or failures to act placed DECEDENT in substantial risk of serious harm.

81.     Defendant OFFICERS and DOES 1-10 knew that their actions and/or

21

failures to act would cause DECEDENT to suffer extreme and horrific pain, physical injury and loss of life.

82.     In so acting and/or failing to act, Defendant OFFICERS and DOES 1-10 deprived DECEDENT of his clearly-established constitutional right to necessary medical care and treatment under the Fourteenth Amendment.

83.     DECEDENT'S injuries and death were a direct and proximate result of Defendant OFFICERS' and DOES 1-10's intentional, willful and callous disregard of his serious need for necessary medical treatment and caused unnecessary and wanton infliction of pain and physical injury on DECEDENT, resulting in severe pain, physical injury and death. These deprivations resulted in the violation of his rights under the Fourteenth Amendment of the United States Constitution.

84.     By authorizing, ratifying, and/or condoning the acts and omissions of their Co-Defendants, Defendants CITY, OPD and WILLIAMS and DOES 1-10 subjected DECEDENT to unnecessary and wanton infliction of pain, physical injury and death, thereby violating his rights under the Fourteenth Amendment of the United States Constitution.

85.     The acts and omissions complained of herein by Defendant OFFICERS and DOES 1 through 10 were done pursuant to customs, policies, practices and/or procedures authorized, condoned, ratified and carried out by all Defendants that resulted in delayed or substandard medical care for the purposes of saving money at the risk of DECEDENT'S health, and/or for inflicting physical and mental abuse on DECEDENT as

22

retribution and in furtherance of a policy of misuse of power over persons detained by OPD.

86.     Defendants CITY, OPD and WILLIAMS and DOES 1-10 acted with reckless disregard and deliberate and conscience-shocking indifference to DECEDENT'S serious medical needs, rights and safety by failing to properly screen, train, supervise, and/or discipline its personnel which resulted in DECEDENT'S needless suffering as set forth above.

87.     Defendants CITY, OPD and WILLIAMS and DOES 1-10 also acted with reckless disregard and conscience-shocking indifference to DECEDENT'S serious medical needs, rights and safety by intentionally setting customs, policies, practices and/or procedures at OPD in such a way as to cause Plaintiffs' injuries as set forth above.

88.     Plaintiffs are informed, believe and based thereon allege that, in engaging in the conduct alleged herein, Defendant OFFICERS and DOES 1-10 acted with the intent to injure, vex, annoy and harass DECEDENT, and subjected DECEDENT to cruel and unjust hardship in conscious disregard of his rights with the intention on the part of the Defendant OFFICERS and DOES 1-10 of thereby depriving DECEDENT of his liberty and legal rights and otherwise cause DECEDENT injury.

89.     As a result of the foregoing, Plaintiffs seek exemplary and punitive damages against Defendant OFFICERS and DOES 1-10 on behalf of DECEDENT.

## THIRD CLAIM FOR RELIEF

### (Violation of California Government Code § 845.6) (Survival Claim)

23

Plaintiffs, as Successors in Interest of DECEDENT,

Against Defendant OFFICERS and DOES 1-10

90.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 89, as though set forth herein verbatim.

91.     Plaintiffs bring this cause of action under California Government Code § 845.6, as successors in interest of DECEDENT as against Defendant OFFICERS and DOES 1-10.

92.     By virtue of the foregoing, Defendant OFFICERS and DOES 1-10 knew or had reason to know that DECEDENT needed immediate medical care and that he had serious and obvious medical conditions that put Defendant OFFICERS and DOES 1-10 on notice that he should have had immediate medical care.  The failure to provide immediate medical care directly and proximately cause DECEDENT'S death.

93.     Defendant OFFICERS' and DOES 1-10's breach of their duty was a legal cause of DECEDENT'S death, and as a result, DECEDENT was injured as set forth above.

FOURTH CLAIM FOR RELIEF

Municipal Liability on DECEDENT'S 42 U.S.C. § 1983 Claims

(Deliberate Indifference Causing Constitutional Violations) (Survival Claim)

Plaintiffs, as Successors In Interest of DECEDENT, Against Defendants CITY, OPD, WILLIAMS and DOES 1-10

94.     Plaintiffs incorporate by reference and reallege paragraphs 1 through 93, as though set forth herein verbatim.

95.     Plaintiffs bring this cause of action under 42 U.S.C. § 1983, as successors in

24

interest of DECEDENT as against Defendants CITY, OPD, WILLIAMS and DOES 1-10.

96.    Defendant OFFICERS' and DOES 1-10's violations of DECEDENT'S Fourth and Fourteenth Amendment rights, including but not limited to his right to be free from excessive and deadly use of force, as set forth herein, were the direct and proximate results of Defendants' maintaining longstanding customs, policies, practices and/or procedures which tolerate and condone Defendant OFFICERS' and DOES 1-10's violations, set forth herein.

97.    These longstanding customs, policies, practices and/or procedures, include, but are not limited to, Defendants' standard operating procedures as well as accepted practices.

98.    Said customs, policies, practices and/or procedures include, *inter alia*: an ongoing pattern of condoning and having a deliberate indifference towards citizens' constitutional rights in connection with the following acts committed by OPD officers: (1) the use of excessive force or violence, including but not limited to the use of tactics and weapons, including tasers, and the use of physical restraints, in a reckless and unreasonable manner; (2) unconstitutional seizures and deprivations of liberty; (3) the conforming of false testimony, evidence or reports by all officers involved in an incident to protect one or more of them from criminal prosecution or administrative discipline; (4) the performance of sham or deficient investigations of allegations of deputy misconduct designed to allow officers' misconduct to escape detection by superiors and/or superiors who guide or shape the investigation to support a result exonerating the involved officers; and (5) the planting of evidence or withholding evidence to favor the involved officers' version of a disputed

and complained of incident of police misconduct.

99.     Said customs, policies, practices and/or procedures include, *inter alia*: an ongoing pattern of condoning and having a deliberate indifference towards citizens' constitutional rights in connection with the following acts committed by OPD and CITY: (1) the ratification of misconduct to avoid referral for criminal prosecution, and (2) the public denial or minimization of rampant problems of dishonesty and brutality within the OPD.

100.    The policy maker for the officers of CITY at the time of the incident was Defendant WILLIAMS.  As such, she had the duty to make and maintain customs, policies, practices and/or procedures which address and cure the problems of use of excessive force committed by OPD officers in general.  Rather than creating or maintaining such customs, policies, practices and/or procedures, Defendant WILLIAMS created an unreasonable risk of harm to DECEDENT by condoning and having a deliberate indifference towards citizens' constitutional rights in connection with excessive use of force, unreasonable seizure and the deprivation of liberty by OPD officers, in particular, Defendant OFFICERS and DOES 1-10.

101.    The above described customs, policies, practices and/or procedures demonstrates a deliberate indifference on the part of the policy makers of CITY to the constitutional rights of persons within CITY and were a moving force behind the violations of DECEDENT'S rights alleged herein.

102.    The within described actions of Defendant OFFICERS were a direct and proximate cause of the constitutional injuries suffered by DECEDENT.

103.   Defendants CITY, OPD and WILLIAMS expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions of the Defendant OFFICERS alleged herein, and knew that such conduct was unjustified and would result in violations of DECEDENT'S constitutional rights.

104.   As a result of the foregoing, DECEDENT was subjected to physical and emotional injuries that was a direct and proximate result of Defendants' customs, policies, practices or procedures.

FIFTH CLAIM FOR RELIEF

Municipal Liability on DECEDENT'S 42 U.S.C. § 1983 Claims

(Failure to Screen, Train, Supervise and Reprimand

Causing Constitutional Violations) (Survival Claim)

Plaintiffs, as Successors In Interest of DECEDENT, Against Defendants CITY,

OPD, WILLIAMS and DOES 1-10

105.   Plaintiffs incorporate by reference and reallege paragraphs 1 through 104, as though set forth herein verbatim.

106.   Plaintiffs bring this cause of action under 42 U.S.C. § 1983, as successors in interest of DECEDENT as against Defendants CITY, OPD, WILLIAMS and DOES 1-10.

107.   Plaintiff is informed, believes and based thereon alleges that Defendants CITY, OPD, WILLIAMS and DOES 1-10 knew, or in the exercise of reasonable care should have known prior to June 23, 2012, that OPD officers, including Defendant OFFICERS and DOES 1-10, were engaging in acts of: (1) the use of excessive force or violence,

27

including but not limited to the use of tactics and weapons, including tasers, and use of physical restraints in a reckless and unreasonable manner; (2) unconstitutional seizures and deprivations of liberty; (3) abuse of process as protected by the Fourth Amendment, (3) malicious prosecution as protected by the Fourth Amendment, and (4) conspiring to falsify evidence of the crimes of resisting arrest and/or battery on a police officer and thereafter prosecuting individuals under similar circumstances as DECEDENT in violation of his rights protected under the Fourth and Fourteenth Amendments, (5) the conforming of false testimony, evidence or reports by all officers involved in an incident to protect one or more of them from criminal prosecution or administrative discipline; (6) the performance of sham or deficient investigations of allegations of deputy misconduct designed to allow officers' misconduct to escape detection by superiors and/or superiors who guide or shape the investigation to support a result exonerating the subject or target officers; and (7) the planting of evidence or withholding evidence to favor the involved officers' version of a disputed and complained of incident of police misconduct.

108.   Plaintiff is informed, believes and based thereon alleges that Defendants CITY, OPD, WILLIAMS and DOES 1-10 knew, or in the exercise of reasonable care should have known prior to June 23, 2012, that OPD officers, including Defendant OFFICERS and DOES 1-10, had a history, propensity, pattern and practice of adhering to the unlawful and unconstitutional police actions described herein and above.

109.   Plaintiff is informed, believes and based thereon alleges that Defendant OFFICERS and DOES 1-10 were the subject of prior complaints of allegations of similar

conduct, had been the subject of administrative proceedings and had also been defendants

in federal and state courts wherein other plaintiffs alleged violations of constitutional

rights by Defendants in the course and scope of their employment as OPD officers and

under color of law.

110.   Notwithstanding this information and the history of OPD officers including

Defendant OFFICERS and DOES 1-10, Plaintiff is informed, believes and based thereon

alleges that Defendants CITY, OPD, WILLIAMS, and DOES 1-10 failed to properly

screen applicants and hired persons who were psychologically unfit for duty, used

unreasonable police tactics which lead to the constitutional violations of DECEDENT'S

constitutional rights as alleged herein and above.

111.   Plaintiff is informed, believes and based thereon alleges that Defendants CITY,

OPD, WILLIAMS and DOES 1-10 generally failed to train and supervise OPD officers,

including Defendant OFFICERS and DOES 1-10, in order to halt and prevent the type of

conduct which resulted in violating DECEDENT'S constitutional rights.

112.   Plaintiff is informed, believes and based thereon alleges that Defendant

OFFICERS and DOES 1-10 have customs, policies or practices which reject and ignore

misconduct of OPD officers and fail to impose discipline.  As a result, the custom,

practice or policy results in the retention of officers such as Defendant OFFICERS and

DOES 1-10 who have a propensity to cause constitutional violations such as use of

excessive force, unreasonable seizure, liberty deprivations and falsification of evidence.

This failure to discipline condones, ratifies, promotes and perpetuates OPD officers'

misconduct and their "code of silence" and was a moving force behind the violations of DECEDENT'S constitutional rights.

113.    The policy maker and supervisor for the officers of CITY at the time of the incident was Defendant WILLIAMS.  As such, she had the duty to hire, train, supervise and discipline OPD officers who use cause constitutional violations.  Defendant WILLIAMS created an unreasonable risk of harm to DECEDENT by failing to adequately hire, train, supervise and discipline OPD officers, in particular, Defendant OFFICERS and DOES 1-10.

114.    Plaintiff is informed, believes and based thereon alleges that Defendants CITY, OPD, WILLIAMS and DOES 1-10 expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would result in violations of DECEDENT'S constitutional rights.

115.    As a result of the foregoing, DECEDENT was subjected to physical and emotional injuries that were a direct and proximate result of Defendants' failure to maintain customs, policies, practices or procedures to adequately hire, train, supervise and discipline OPD officers.

<u>SIXTH CLAIM FOR RELIEF</u>

California Civil Code § 52.1

(Interference with Exercise of Civil Rights by

Excessive and Deadly Force) (Survival Claim)

Plaintiffs, as Successors In Interest of DECEDENT,

30

Against All Defendants and DOES

116.   Plaintiffs incorporate by reference and reallege paragraphs 1 through 115, as though set forth herein verbatim.

117.   Plaintiffs, as successors in interest of DECEDENT, bring this cause of action as against all Defendants and DOES.

118.   As alleged above, the conduct of the Defendants violated DECEDENT'S right to be secure in his person and effects, against unreasonable searches and seizures, and to due process of law, as guaranteed by the Constitution and laws of the State of California, including Article I, § 1, 13 of the California Constitution, and the Fourth and Fourteenth Amendments of the United States Constitution.

119.   Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, Defendant OFFICERS and DOES 1-10 acted with the intent to injure, vex, annoy and harass DECEDENT, and subjected DECEDENT to cruel and unjust hardship in conscious disregard of DECEDENT'S rights with the intention of causing DECEDENT injury and depriving him of his constitutional rights.

120.   As a result of the foregoing, DECEDENT seeks exemplary and punitive damages against Defendant OFFICERS and DOES 1-10.

121.   As a direct and proximate cause of the aforementioned actions of Defendants and DOES, DECEDENT was injured as set forth above, thereby entitling Plaintiff to damages against Defendants under Cal. Civil Code § 52.1, including but not limited to actual damages, exemplary damages, civil penalties, and attorney's fees.

## SEVENTH CLAIM FOR RELIEF

### Assault (Survival Claim)

### Plaintiffs, as Successors In Interest of DECEDENT,

### Against All Defendants and DOES

122.  Plaintiffs incorporate by reference and reallege paragraphs 1 through 121, as though set forth herein verbatim.

123.  Plaintiffs, as successors in interest of DECEDENT, bring this cause of action as against all Defendants and DOES.

124.  The conduct of Defendant OFFICERS and DOES 1-10 caused DECEDENT to reasonably believe that he was about to be touched in a harmful and/or offensive manner.

125.  DECEDENT did not consent to the conduct of any Defendant.

126.  DECEDENT was harmed by the conduct of Defendant OFFICERS and DOES 1-10.

127.  Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, Defendant OFFICERS and DOES 1-10 acted with the intent to injure, vex, annoy and harass DECEDENT, and subjected DECEDENT to cruel and unjust hardship in conscious disregard of DECEDENT' rights with the intention of causing DECEDENT injury and depriving him of his constitutional rights.

128.  As a result of the foregoing, DECEDENT seeks exemplary and punitive damages against Defendant OFFICERS and DOES 1-10.

129.  Defendants CITY, OPD, WILLIAMS and DOES 1-10 are liable under Cal.

Government Code § 815.2(a) and the doctrine of *respondeat superior* for the wrongful actions of their employees and agents, including but not limited to Defendant OFFICERS and DOES 1-10.

<u>EIGHTH CLAIM FOR RELIEF</u>

Battery (Survival Claim)

Plaintiffs, as Successors In Interest of DECEDENT,

Against All Defendants and DOES

130.   Plaintiffs incorporate by reference and reallege paragraphs 1 through 129, as though set forth herein verbatim.

131.   Plaintiffs, as successors in interest of DECEDENT, bring this cause of action as against all Defendants and DOES.

132.   Defendant OFFICERS and DOES 1-10 intentionally performed acts that resulted in harmful and/or offensive contacts with DECEDENT'S person.

133.   Defendant OFFICERS and DOES 1-10 harmful and/or offensive contact caused injury, damage, loss and harm to DECEDENT.

134.   Plaintiff is informed, believes, and based thereon alleges that in engaging in the conduct alleged herein, Defendant OFFICERS and DOES 1-10 acted with the intent to injure, vex, annoy and harass DECEDENT, and subjected DECEDENT to cruel and unjust hardship in conscious disregard of DECEDENT' rights with the intention of causing DECEDENT injury and depriving him of his constitutional rights.

135.   As a result of the foregoing, DECEDENT seeks exemplary and punitive damages

against Defendant OFFICERS and DOES 1-10.

136.   Defendant CITY, OPD, WILLIAMS and DOES 1-10 are liable under Cal. Government Code § 815.2(a) and the doctrine of *respondeat superior* for the wrongful actions of their employees and agents, including but not limited to Defendant OFFICERS and DOES 1-10.

NINTH CLAIM FOR RELIEF

Negligence (Survival Claim)

Plaintiffs, as Successors In Interest of DECEDENT,

Against All Defendants and DOES

137.   Plaintiffs incorporate by reference and reallege paragraphs 1 through 136, as though set forth herein verbatim.

138.   Plaintiffs, as successors in interest of DECEDENT, bring this cause of action as against all Defendants and DOES.

139.   By virtue of the foregoing, Defendants owed a duty of care, and that duty was breached by Defendants' negligence and gross negligence, in using excessive force and delaying access to medical care.

140.   As a direct and proximate result of all Defendants' negligent acts and/or omissions, herein above described, DECEDENT suffered severe pain, mental anguish, distress, serious physical injury and death.

141.   Defendants CITY, OPD, WILLIAMS and DOES 1-10 are further negligent and breached their duties of care by, *inter alia*, failing to discharge mandatory duties imposed

by an enactment designed to protect against the risk of a particular kind of injury in violation of California Government Code § 815.6.

142.   Defendants CITY, OPD, WILLIAMS and DOES 1-10, inclusive, and each of them, which employed the Defendant OFFICERS, is vicariously liable under principles of *respondeat superior* and the California Government Code § 815.2, for the acts and omissions of Defendant OFFICERS and DOES 1-10, and said entity defendants are jointly and severally liable for DECEDENT'S special and general damages.

<u>TENTH CLAIM FOR RELIEF</u>

Negligent Infliction of Emotional Distress (Survival Claim)

Plaintiffs, as Successors In Interest of DECEDENT,

Against All Defendants and DOES

143.   Plaintiffs incorporate by reference and reallege paragraphs 1 through 142, as though set forth herein verbatim.

144.   Plaintiffs, as successors in interest of DECEDENT, bring this cause of action as against all Defendants and DOES.

145.   Plaintiffs are informed, believe and based thereon allege that each Defendant officer was negligent in striking, using force upon, harming and injuring DECEDENT and in doing or failing to do the other wrongful acts herein and above alleged.

146.   Plaintiffs are informed, believe and based thereon allege that each Defendant Deputy negligently inflicted emotional distress on DECEDENT by, *inter alia,* using excessive force on DECEDENT.

35

147.    As a direct and proximate result of the aforementioned concurrent and simultaneous negligent conduct of the Defendant OFFICERS and DOES 1-10, and each of them, DECEDENT suffered serious emotional distress and the exacerbation of emotional distress.

148.    The negligence of Defendant OFFICERS and DOES 1-10, and each of them, was a substantial factor in causing or exacerbating DECEDENT' serious emotional distress, causing DECEDENT to incur special and general damages in an amount to be proved at the time of trial.

149.    Defendants CITY, OPD, WILLIAMS and DOES 1-10, inclusive, and each of them, which employed the Defendant OFFICERS, is vicariously liable under principles of *respondeat superior* and the California Government Code § 815.2, for the acts and omissions of Defendant OFFICERS and DOES 1-10, and said entity defendants are jointly and severally liable for DECEDENT'S special and general damages.

<u>ELEVENTH CLAIM FOR RELIEF</u>

Intentional Infliction of Emotional Distress

DECEDENT Against All Defendants and DOES

150.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 149, as though set forth herein verbatim.

151.    DECEDENT brings this cause of action as against all Defendants and DOES.

152.    The conduct of the Defendant OFFICERS and DOES 1-10, and each of them, alleged herein and above, *inter alia*, in beating on and tasing and otherwise causing

36

DECEDENT significant physical injury, who was not threatening any of the officers in any way, and who was in dire need of medical care, was outrageous conduct that exceeded reason and the bounds of conduct usually tolerated by this society.

153.    Defendant OFFICERS and DOES 1-10, and each of them, in engaging in the aforementioned conduct, intended to cause DECEDENT emotional distress and/or acted with reckless disregard of the probability that DECEDENT would suffer emotional distress or an exacerbation of emotional distress, knowing that DECEDENT was present when the conduct occurred.

154.    The conduct of Defendant OFFICERS and DOES 1-10, and each of them, was the direct and proximate cause of DECEDENT' injuries, and were a substantial factor in exacerbating or causing DECEDENT to suffer and to continue to suffer from severe emotional distress, mental pain, anguish, embarrassment, humiliation, and psychological disturbance.

155.    DECEDENT has suffered special and general damages as a result of the emotional distress, mental pain, anguish, embarrassment, humiliation and psychological disturbance in an amount according to proof at trial in excess of this Court's jurisdiction.

156.    Defendants CITY, OPD, WILLIAMS and DOES, inclusive, and each of them, which employed the Defendant OFFICERS, is vicariously liable under principles of *respondeat superior* and the California Government Code § 815.2, for the acts and omissions of Defendant OFFICERS and DOES 1-10, and said entity defendants are jointly and severally liable for DECEDENT' special and general damages.

157.    The aforementioned acts of Defendant OFFICERS and DOES 1-10, and each of them, were despicable and subjected DECEDENT to cruel and unjust hardship, and indicate Defendants' intent to cause injury to DECEDENT, as well as their conscious disregard for the rights and safety of DECEDENT, and tend to show that the actions were willful, wanton, malicious, and oppressive, thereby justifying an award of exemplary and punitive damages as to said individual Defendants.

**TWELFTH CLAIM FOR RELIEF**

**Violation of Civil Rights: State Interference with Familial Relationship**

**(42 U.S.C. § 1983/14th Amendment) (Individual Claim)**

**Plaintiffs, as Individuals, Against Defendant OFFICERS and DOES**

158.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 157, as though set forth herein verbatim.

159.    Plaintiffs have a cognizable interest under the Substantive Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiffs' familial relationships with DECEDENT.

160.    As a result of the excessive and deadly force and wanton and callous disregard of Plaintiffs' obvious and known serious medical needs by Defendant OFFICERS and DOES 1-10, DECEDENT died. Defendants interfered with and permanently deprived Plaintiffs of their constitutional rights to a familial relationship with DECEDENT.

161.   As a further legal result of the aforesaid acts and omissions by Defendants and DECEDENT'S resulting death, Plaintiffs have incurred funeral and burial expenses in an amount according to proof.

162.   Defendant OFFICERS' and DOES 1-10's actions, along with other undiscovered conduct, shock the conscience, and they acted with conscious and deliberate indifference to Plaintiffs' constitutional rights, and with the purpose of depriving them of such rights, unrelated to any legitimate law enforcement objective.

163.   Defendant OFFICERS and DOES 1-10, and each of them, committed the aforementioned acts and omissions knowingly, willfully and maliciously, and with the intent to harm, injure, vex, harass and oppress Plaintiffs with conscious disregard of their known rights and by reasons thereof, Plaintiffs seek punitive and exemplary damages from Defendant OFFICERS and DOES 1-10 in an amount according to proof.

<u>THIRTEENTH CLAIM FOR RELIEF</u>

Municipal Liability on Plaintiffs' 42 U.S.C. § 1983 Claims

(Deliberate Indifference Causing Constitutional Violations) (Individual Claim)

Plaintiffs, as Individuals, Against

Defendants CITY, OPD, WILLIAMS and DOES 1-10

164.   Plaintiffs incorporate by reference and reallege paragraphs 1 through 163, as though set forth herein verbatim.

165.   Plaintiffs bring this cause of action as individuals under 42 U.S.C. § 1983, as against Defendants CITY, OPD, WILLIAMS and DOES 1-10 .

166.    Defendant OFFICERS' and DOES 1-10's violations of Plaintiffs' Fourteenth Amendment substantive due process rights to a familial relationship with DECEDENT, as set forth herein, were the direct and proximate results of Defendants' tolerating and maintaining longstanding customs, policies, practices and/or procedures, set forth hereinbelow.

167.    These longstanding customs, policies, practices and/or procedures, include, but are not limited to, Defendants' standard operating procedures.

168.    Said customs, policies, practices and/or procedures include, *inter alia*: an ongoing pattern of condoning and having a deliberate indifference towards citizens' constitutional rights in connection with their familial relationships.

169.    The policy maker for the deputies of Ventura CITY at the time of the incident was Defendant WILLIAMS. As such, she had the duty to make and maintain customs, policies, practices and/or procedures which address and cure the problems of the unconstitutional deprivation of substantive due process rights of parents to direct the care of their children and protect their children.  Rather than making and maintaining these customs, policies, practices and/or procedures, Defendant WILLIAMS created an unreasonable risk of harm to DECEDENT by having a deliberate indifference towards citizens' constitutional substantive due process rights and by condoning acts committed and omitted by Ventura CITY sheriff deputies in regard to said parental rights, in particular, Defendants MCGRATH, DEPUTY DOES 1 and 2, and DOES 3- 10.

170.    The above described customs, policies, practices and/or procedures demonstrates a

40

deliberate indifference on the part of the policy makers of the CITY of Ventura to the constitutional rights of persons within the CITY of Ventura and were the cause of the violations of DECEDENT's rights alleged herein.

171.    Defendants CITY, OPD and WILLIAMS expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions of the Defendant deputies alleged herein, and knew that such conduct was unjustified and would result in violations of DECEDENT's constitutional rights.

172.    The within described actions of Defendant deputies were a direct and proximate cause of the constitutional injuries suffered by DECEDENT.

173.    As a result of the foregoing, DECEDENT was subjected to pain and suffering that was a direct and proximate result of Defendants' customs, policies, practices or procedures.

**FOURTEENTH CLAIM FOR RELIEF**

**Municipal Liability on Plaintiffs' 42 U.S.C. § 1983 Claims**

**(Failure to Screen, Train, Supervise and Reprimand Causing Constitutional**

**Violations) (Individual Claim)**

**Plaintiffs, as Individuals, Against**

**Defendants CITY, OPD, WILLIAMS and DOES 1-10**

174.    Plaintiffs incorporate by reference and reallege paragraphs 1 through 173, as though set forth herein verbatim.

175.    Plaintiffs bring this cause of action as individuals under 42 U.S.C. § 1983, as

against Defendants CITY, OPD, WILLIAMS and DOES 1-10.

176.   Defendant OFFICERS' and DOES 1-10's violations of Plaintiffs' Fourteenth Amendment substantive due process rights to a familial relationship with DECEDENT, as set forth herein, were the direct and proximate results of Defendants'

177.   Plaintiffs had Fourteenth Amendment substantive due process rights to a familial relationship with DECEDENT.  Plaintiffs are informed, believe and based thereon allege that Defendants CITY, OPD, WILLIAMS and DOES 1-10 knew, or in the exercise of reasonable care should have known, that Defendant OFFICERS and DOES 1-10 and other OPD officers had a history, propensity and pattern, prior to and after the time that Plaintiffs were the victim of substantive due process violations committed, to use unreasonable police tactics which lead to the unconstitutional deprivations suffered.

178.   Plaintiffs are informed, believe and based thereon allege that Defendants CITY, OPD, WILLIAMS and DOES 1-10 knew, or in the exercise of reasonable care should have known, that Defendant OFFICERS and DOES 1-10 and other OPD officers were responsible for unconstitutionally depriving indiviudals of their substantive due process rights to a familial relationship.

179.   Plaintiffs are informed, believe and based thereon allege that Defendant OFFICERS and DOES 1-10 were the subject of prior complaints of allegations of similar conduct, had been the subject of administrative proceedings and had also been defendants in federal and state courts wherein other plaintiffs alleged violations of constitutional rights by Defendants in the course and scope of their employment as OPD officers and

1  under color of law.

2  180.   Notwithstanding this information and the history of Defendant OFFICERS and

3  DOES 1-10 and other OPD officers, Plaintiffs are informed, believe and based thereon

4

5  allege that Defendants CITY, OPD, WILLIAMS, and DOES 1-10 failed to properly

6  screen applicants and hired persons who were psychologically unfit for duty and used

7  unreasonable police tactics which lead to the unnecessary and unreasonable

8

9  unconstitutional deprivation of parents' substantive due process rights to direct the care of

10  their children and protect their children.

11  181.   Plaintiffs are informed, believe and based thereon allege that Defendants CITY,

12

13  OPD, WILLIAMS and DOES 1-10 generally failed to train and supervise Defendant

14  OFFICERS and DOES 1-10 and other OPD officers to halt and prevent the type of

15  conduct which resulted in violating DECEDENT's constitutional rights.

16

17  182.   Plaintiffs are informed, believe and based thereon allege that Defendants CITY,

18  OPD, WILLIAMS and DOES 1-10 have customs, policies or practices which reject and

19  ignore the prior misconduct of an officer in imposing discipline.  As a result, the custom,

20

21  practice or policy results in the retention of deputies such as Defendant OFFICERS and

22  DOES 1-10 and other OPD officers who have a propensity to commit said constitutional

23  rights violations.  This condones, ratifies, promotes and perpetuates the deputies

24

25  misconduct and "code of silence" and was a moving force in the violations of Plaintiffs'

26  constitutional rights.

27  183.   The policy maker and supervisor for the deputies of Ventura CITY at the time of

28

the incident was Defendant WILLIAMS. As such, she has the duty to supervise, train and

reprimand OPD officers who unconstitutionally deprive individuals of their substantive

due process.  Defendant WILLIAMS created an unreasonable risk of harm to

DECEDENT by failing to adequately supervise, control or otherwise monitor the

activities of his deputies, in particular,  Defendant OFFICERS and DOES 1-10 and other

OPD officers.

184.    Plaintiffs are informed, believe and based thereon allege that rather than

adequately train, supervise and reprimand the Defendant deputies, Defendants CITY,

OPD and WILLIAMS condoned, tolerated and tacitly approved of Defendant

OFFICERS' and DOES 1-10's and other OPD officers' unconstitutionally deprivations of

Plaintiffs' substantive due process rights.

185.    Plaintiffs are informed, believe and based thereon allege that Defendants CITY,

OPD, WILLIAMS and DOES 1-10 expressly or tacitly encouraged, ratified, and/or

approved of the acts and/or omissions alleged herein, and knew that such conduct was

unjustified and would result in violations of Plaintiffs' constitutional rights.

186.    As a result of the foregoing, Plaintiffs were subjected to pain and suffering that

was a direct and proximate result of Defendants' customs, policies, practices or

procedures.

### FIFTEENTH CLAIM FOR RELIEF

### Wrongful Death

Code of Civil Procedure §§ 377.60 and 377.61(Individual Claim)

Plaintiffs, as Individuals, Against All Defendants and DOES

187.   Plaintiffs incorporate by reference and reallege paragraphs 1 through 186, as though set forth herein verbatim.

188.   Pursuant to *California Code of Civil Procedure* sections 377.60 and 377.61, Plaintiff has brought this action against, and claim damages from, said Defendants for the wrongful death of DECEDENT.  At all times material, Plaintiffs TERESA and GUILLERMO RAMIREZ were the natural parents of DECEDENT and DECEDENT'S R.R. heirs at law.  At all times material, Plaintiff ROBERT RAMIREZ JR. was the issue of DECEDENT and DECEDENT'S heir at law.

189.   At or about the aforementioned time, date and place, Defendant OFFICERS and DOES 1-10 intentionally, negligently and recklessly assaulted, battered, beat and tased Plaintiffs' son, thereby causing his wrongful death.

190.   On and for some time before June 23, 2012, Defendants CITY, OPD, WILLIAMS and DOES 1-10, employed, retained, trained, supervised, assigned, controlled Defendant OFFICERS and DOES 1-10, who Defendants CITY, OPD, WILLIAMS and DOES 1-10, and each of them, at all times material herein, knew or reasonably should have known had dangerous and dishonest propensities for abusing their authority and for using excessive and punitive force and violence and for falsifying their accounts and reports of their actions, especially where force was used by said Defendant OFFICERS. Defendants CITY, OPD, WILLIAMS and DOES 1-10 are vicariously liable for the acts of Defendant OFFICERS and DOES 1-10 committed in the course and scope of their employment as

Oxnard police officers.

191.   By reason of the aforesaid acts and omissions of Defendants, Plaintiffs have been and will forever be deprived of DECEDENT'S love, affection, society, companionship, and support, all to Plaintiffs' damages according to proof at trial.

192.   As a further legal result of the aforesaid acts and omissions by Defendants and the death of DECEDENT, Plaintiff has incurred funeral and burial expenses in an amount according to proof.

193.   Plaintiff further alleges that medical treatment was recklessly and/or negligently delayed to DECEDENT, while he was in Defendants' custody which may have caused, contributed to or hastened his death.

194.   As a further direct and legal result of the battery, negligence, and/or recklessness of Defendants, and each of them, Plaintiffs have incurred general and special damages to be shown according to proof at the time of trial, including but not limited to damages for comfort, society, love, affection, joy, comfort, companionship and support, as well as funeral and medical expenses and legal expense herein.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.   For declaratory and injunctive relief preventing similar future harm;

2.   For general damages according to proof at trial;

3.   For special damages according to proof at trial;

46

4.      For an award of punitive damages against Defendant OFFICERS and DOES 1-10;

5.      For attorney's fees and costs under 42 U.S.C. § 1988, C.C.P. § 1021.5, or under any other applicable statutes or law;

6.      For an award of Plaintiffs' costs of suit incurred herein;

7.      For an award of any applicable statutory penalties;

8.      For an award of any applicable interest amounts; and

9.      For any other relief the Court deems appropriate.


Dated: March 5, 2013      LAW OFFICES OF BRIAN A. VOGEL, PC



By: _____
     BRIAN A. VOGEL      R.R.
     Attorney for Plaintiff ROBERT RAMIREZ JR.,
     by and through his Guardian Ad Litem and
     Mother, LUCINA GARCIA

Dated: March 5, 2013      BAMIEH & ERICKSON, PLC



By: _____
     RON BAMIEH
     Attorney for Plaintiffs GUILLERMO
     RAMIREZ and TERESA RAMIREZ

/ / /

/ / /

/ / /

/ / /

1

## DEMAND FOR JURY TRIAL

2

Plaintiffs hereby demand a jury trial.

3

4   Dated: March 5, 2013            LAW OFFICES OF BRIAN A. VOGEL, PC

5

6                                   By: _____

7                                       BRIAN A. VOGEL          R.R.
                                        Attorney for Plaintiff ROBERT RAMIREZ JR.,
8                                       by and through his Guardian Ad Litem and
                                        Mother, LUCINA GARCIA
9

10  Dated: March __, 2013          BAMIEH & ERICKSON, PLC

11

12                                  By: _____

13                                      RON BAMIEH
                                        Attorney for Plaintiffs GUILLERMO
14                                      RAMIREZ and TERESA RAMIREZ

15

16

17

18

19

20

21

22

23

24

25

26

27

28

48

EXHIBIT A

# County of Ventura

## VENTURA, CALIFORNIA



### CERTIFICATION OF VITAL RECORD

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY | NO ERASURES, WHITEOUTS OR ALTERATIONS
VS-11/NEW 2005

3201256002380

| STATE FILE NUMBER | | LOCAL REGISTRATION NUMBER |
|---|---|---|

**DECEDENT'S PERSONAL DATA**

1. NAME OF DECEDENT—FIRST (Given): ROBERT
2. MIDDLE:
3. LAST (Family): RAMIREZ
AKA, ALSO KNOWN AS – Include full AKA (FIRST, MIDDLE, LAST)
4. DATE OF BIRTH mm/dd/ccyy: 02/02/1986
5. AGE Yrs.: 26 / IF UNDER ONE YEAR Days / Hours / IF UNDER 24 HOURS Minutes
6. SEX: M
9. BIRTH STATE/FOREIGN COUNTRY: CA
10. SOCIAL SECURITY NUMBER: 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
11. EVER IN U.S. ARMED FORCES?: NO [X] UNK
12. MARITAL STATUS/SRDP at Time of Death: NEVER MARRIED
7. DATE OF DEATH mm/dd/ccyy: 06/23/2012
8. HOUR (24 Hours): 2341
14. EDUCATION – Highest Level/Degree (see worksheet on back): 11
14½. WAS DECEDENT HISPANIC/LATINO/SPANISH? (if yes, see worksheet on back): [X] YES HISPANO / NO
16. DECEDENT'S RACE – Up to 3 races may be listed (see worksheet on back): MEXICAN AMERICAN
17. USUAL OCCUPATION – Type of work for most of life, DO NOT USE RETIRED: TRUCK DRIVER
18. KIND OF BUSINESS OR INDUSTRY (e.g., grocery store, road construction, employment agency, etc.): AGRICULTURE
19. YEARS IN OCCUPATION: 1

**USUAL RESIDENCE**

20. DECEDENT'S RESIDENCE (Street and number, or location): 2611 PYRATE PLACE
21. CITY: OXNARD
22. COUNTY/PROVINCE: VENTURA
23. ZIP CODE: 93030
24. YEARS IN CITY: 26
25. STATE/FOREIGN COUNTRY: CA

**INFORMANT**

26. INFORMANT'S NAME, RELATIONSHIP: GUILLERMO RAMIREZ, FATHER
27. INFORMANT'S MAILING ADDRESS (Street and number, or rural route number, city or town, state and zip): 2611 PYRATE PLACE, OXNARD, CA 93030

**SPOUSE/SRDP AND PARENT INFORMATION**

28. NAME OF SURVIVING SPOUSE/SRDP—FIRST: 
29. MIDDLE: 
30. LAST (BIRTH NAME): 
31. NAME OF FATHER/PARENT—FIRST: GUILLERMO
32. MIDDLE: 
33. LAST: RAMIREZ
34. BIRTH STATE: MEXICO
35. NAME OF MOTHER/PARENT—FIRST: TERESA
36. MIDDLE: CONCEPCION
37. LAST (BIRTH NAME): DELGADO
38. BIRTH STATE: MEXICO

**FUNERAL DIRECTOR/LOCAL REGISTRAR**

39. DISPOSITION DATE mm/dd/ccyy: 06/30/2012
40. PLACE OF FINAL DISPOSITION: SANTA CLARA CATHOLIC CEMETERY, 2370 NORTH H STREET, OXNARD, CA 93036
41. TYPE OF DISPOSITION(S): BU
42. SIGNATURE OF EMBALMER: LAURIE NELSON
43. LICENSE NUMBER: EMB8192
44. NAME OF FUNERAL ESTABLISHMENT: FDA CONRAD'S & JAMES REARDON
45. LICENSE NUMBER: FD1104
46. SIGNATURE OF LOCAL REGISTRAR: ROBERT M LEVIN, MD
47. DATE mm/dd/ccyy: 06/28/2012

**PLACE OF DEATH**

101. PLACE OF DEATH: ST. JOHN'S REGIONAL MEDICAL CENTER
102. IF HOSPITAL, SPECIFY ONE: [X] ER/OP
103. IF OTHER THAN HOSPITAL, SPECIFY ONE:
104. COUNTY: VENTURA
105. FACILITY ADDRESS OR LOCATION WHERE FOUND (Street and number, or location): 1600 N. ROSE AVE.
106. CITY: OXNARD

**CAUSE OF DEATH**

107. CAUSE OF DEATH
IMMEDIATE CAUSE (Final disease or condition resulting in death) (A): PENDING TOXICOLOGY
(B): 
(C): 
(D): 
108. DEATH REPORTED TO CORONER?: [X] YES / NO — Referral Number: 699-12
109. BIOPSY PERFORMED?: YES / [X] NO
110. AUTOPSY PERFORMED?: YES / [X] NO
111. USED IN DETERMINING CAUSE?: [X] YES / NO
112. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN 107:
113. WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? (if yes, list type of operation and date): NO
113A. IF FEMALE, PREGNANT IN LAST YEAR?: YES / NO / UNK

**PHYSICIAN'S CERTIFICATION**

114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED. Decedent Attended Since / Decedent Last Seen Alive
115. SIGNATURE AND TITLE OF CERTIFIER
116. LICENSE NUMBER
117. DATE mm/dd/ccyy
118. TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP CODE

**CORONER'S USE ONLY**

119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE, AND PLACE STATED FROM THE CAUSES STATED.
120. MANNER OF DEATH: Natural / Accident / Homicide / Suicide / [X] Pending Investigation / Could not be determined
120. INJURED AT WORK?: YES / NO / UNK
121. INJURY DATE mm/dd/ccyy
122. HOUR (24 Hours)
123. PLACE OF INJURY (e.g., home, construction site, wooded area, etc.)
124. DESCRIBE HOW INJURY OCCURRED (Events which resulted in injury)
125. LOCATION OF INJURY (Street and number, or location, and city, and zip)
126. SIGNATURE OF CORONER / DEPUTY CORONER: RONALD O'HALLORAN MD
127. DATE mm/dd/ccyy: 06/25/2012
128. TYPE NAME, TITLE OF CORONER / DEPUTY CORONER: RONALD O'HALLORAN MD, MEDICAL EXAMINER

**STATE REGISTRAR**

| A | B | C | D | E | | FAX AUTH.# | CENSUS TRACT |
|---|---|---|---|---|---|---|---|

*010001002094485*

---

**CERTIFIED COPY OF VITAL RECORDS**
STATE OF CALIFORNIA, COUNTY OF VENTURA

This is a true and exact reproduction of the document officially registered and placed on file in the Vital Records Section, Ventura County Public Health Department, if it bears the date of issue in red ink.

DATE ISSUED    06/29/2012



HEALTH OFFICER
VENTURA COUNTY, CALIFORNIA
This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

(PHSCD (Rev) 02/11)

* 0 0 0 9 7 3 6 3 3 *



# EXHIBIT B

1  BRIAN A. VOGEL, SBN 167493
   brian@bvogel.com
2  HEATHER A. QUEST, SBN 186740
3  heather@bvogel.com
   THE LAW OFFICES OF BRIAN A. VOGEL, PC
4  770 County Square Dr., Ste. 104
5  Ventura, CA 93003
6  Phone: (805) 654-0400
   Facsimile: (805) 654-0326
7                           R.R.
8  Attorneys for Plaintiff ROBERT RAMIREZ JR., by and through his
   Guardian Ad Litem and Mother, LUCINA GARCIA
9
10 RON BAMIEH, SBN 159413
   ronb@bamieherickson.com
11 DAVID R. RING SBN 134823
   david@bamieherickson.com
12 LAURA COTA, SBN 249353
13 laura@bamieherickson.com
   BAMIEH & ERICKSON, PLC
14 692 E. Thompson Blvd.
15 Ventura, CA 93001
   Phone: (805) 643-5555
16 Facsimile: (805) 643-5558
17
   Attorneys for Plaintiffs GUILLERMO RAMIREZ and TERESA
18 RAMIREZ
19
                   UNITED STATES DISTRICT COURT
20
                  CENTRAL DISTRICT OF CALIFORNIA
21
22
23 GUILLERMO RAMIREZ, an individual      )   Case No.
   and successor-in-interest to ROBERT   )
24 RAMIREZ, deceased; TERESA             )
   RAMIREZ, an individual and successor- )   DECLARATION OF GUILLERMO
25 in-interest to ROBERT RAMIREZ,        )   RAMIREZ TO COMMENCE
                              R.R.       )   ACTION AS SUCCESSOR-IN-
26 deceased, ROBERT RAMIREZ JR., an      )   INTEREST OF ROBERT RAMIREZ
   individual and successor-in-interest to )
27 ROBERT RAMIREZ, deceased, by and      )   [C.C.P. §§ 377.30 and 377.32]
   through his Guardian Ad Litem and     )
28

                                    1

Mother, LUCINA GARCIA,                      )
                                            )
                Plaintiffs,                 )
        vs.                                 )
                                            )
OXNARD POLICE DEPARTMENT,                   )
CITY OF OXNARD, CHIEF JERI                  )
WILLIAMS, an individual, STEVEN             )
RAMIREZ, an individual, MICHAEL             )
BOCANEGRA, an individual,                   )
ROSLYNN WILFERT, an individual,             )
PEDRO RODRIGUEZ, an individual,             )
AARON ZAVALA, an individual,                )
KYLE BRANTNER, an individual,               )
MATTHEW ROSS, an individual, and            )
DOES 1-10, inclusive.                       )
                                            )
                Defendants.                 )
_____        )

I, GUILLERMO RAMIREZ, declare:

     1.     I make this declaration based upon information personally known to me.  If called to do so, I could and would testify competently to the facts set forth below.

     2.     I am a successor-in-interest of Robert Ramirez.

     3.     The decedent's name is Robert Ramirez.

     4.     Robert Ramirez died at 11:41 p.m. on June 23, 2012, at St. John's Regional Medical Center in Oxnard, California.

     5.     A certified copy of the decedent's death certificate is attached hereto as Exhibit A and is incorporated by reference herein.

     6.     There is no proceeding currently pending in California for administration of the decedent's estate.

7.     I am the decedent's successor-in-interest, as defined in Code Civ. Proc, § 377.11, and succeed to the decedent's interest in the above-entitled matter in that I am the natural father of the decedent.

8.     To the best of my knowledge, the decedent did not have a spouse but did have a child borne after he passed away.  I have been informed that Lucina Garcia is the mother of my son's child, Robert Ramirez Jr.
<sup>R.R.</sup>

9.     No other person has a superior right to commence the above-entitled action or be substituted for the decedent in this action.  My wife, Teresa Ramirez, is also a successor-in-interest to the decedent because she is the decedent's mother.  Her survivorship rights with regard to the decedent are equal to mine.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this __5__ day of March, 2013, at Ventura, California.


GUILLERMO RAMIREZ, Declarant

3

# EXHIBIT C

1  BRIAN A. VOGEL, SBN 167493
2  brian@bvogel.com
   HEATHER A. QUEST, SBN 186740
3  heather@bvogel.com
   THE LAW OFFICES OF BRIAN A. VOGEL, PC
4  770 County Square Dr., Ste. 104
5  Ventura, CA 93003
6  Phone: (805) 654-0400
   Facsimile: (805) 654-0326
7                                          R.R.
8  Attorneys for Plaintiff ROBERT RAMIREZ JR., by and through his
   Guardian Ad Litem and Mother, LUCINA GARCIA
9
10 RON BAMIEH, SBN 159413
   ronb@bamieherickson.com
11 DAVID R. RING SBN 134823
   david@bamieherickson.com
12 LAURA COTA, SBN 249353
13 laura@bamieherickson.com
   BAMIEH & ERICKSON, PLC
14 692 E. Thompson Blvd.
15 Ventura, CA 93001
16 Phone: (805) 643-5555
   Facsimile: (805) 643-5558
17
18 Attorneys for Plaintiffs GUILLERMO RAMIREZ and TERESA
   RAMIREZ
19
20              UNITED STATES DISTRICT COURT
21              CENTRAL DISTRICT OF CALIFORNIA
22
23 GUILLERMO RAMIREZ, an individual   )   Case No.
   and successor-in-interest to ROBERT )
24 RAMIREZ, deceased; TERESA          )   DECLARATION OF TERESA
   RAMIREZ, an individual and successor- )   RAMIREZ TO COMMENCE
25 in-interest to ROBERT RAMIREZ,     )   ACTION AS SUCCESSOR-IN-
26 deceased, ROBERT RAMIREZ JR., an   )   INTEREST OF ROBERT RAMIREZ
   individual and successor-in-interest to )
27 ROBERT RAMIREZ, deceased, by and   )   [C.C.P. §§ 377.30 and 377.32]
   through his Guardian Ad Litem and  )
28

                          1

| | |
|---|---|
| Mother, LUCINA GARCIA, | ) |
| | ) |
|         Plaintiffs, | ) |
|    vs. | ) |
| | ) |
| OXNARD POLICE DEPARTMENT, | ) |
| CITY OF OXNARD, CHIEF JERI | ) |
| WILLIAMS, an individual, STEVEN | ) |
| RAMIREZ, an individual, MICHAEL | ) |
| BOCANEGRA, an individual, | ) |
| ROSLYNN WILFERT, an individual, | ) |
| PEDRO RODRIGUEZ, an individual, | ) |
| AARON ZAVALA, an individual, | ) |
| KYLE BRANTNER, an individual, | ) |
| MATTHEW ROSS, an individual, and | ) |
| DOES 1-10, inclusive. | ) |
| | ) |
|         Defendants. | ) |
| | ) |

I, TERESA RAMIREZ, declare:

    1.     I make this declaration based upon information personally known to me. If called to do so, I could and would testify competently to the facts set forth below.

    2.     I am a successor-in-interest of Robert Ramirez.

    3.     The decedent's name is Robert Ramirez.

    4.     Robert Ramirez died at 11:41 p.m. on June 23, 2012, at St. John's Regional Medical Center in Oxnard, California.

    5.     A certified copy of the decedent's death certificate is attached hereto as Exhibit A and is incorporated by reference herein.

    6.     There is no proceeding currently pending in California for administration of the decedent's estate.

7.     I am the decedent's successor-in-interest, as defined in Code Civ. Proc, § 377.11, and succeed to the decedent's interest in the above-entitled matter in that I am the natural mother of the decedent.

8.     To the best of my knowledge, the decedent did not have a spouse but did have a child born after he passed away.  I have been informed that Lucina Garcia is the mother of my son's child, Robert Ramirez Jr. R.R.

9.     No other person has a superior right to commence the above-entitled action or be substituted for the decedent in this action.  My husband, Guillermo Ramirez, is also a successor-in-interest to the decedent because he is the decedent's father.  His survivorship rights with regard to the decedent are equal to mine.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 5th day of March, 2013, at Ventura, California.

TERESA RAMIREZ, Declarant

EXHIBIT D

1   BRIAN A. VOGEL, SBN 167493
2   brian@bvogel.com
    HEATHER A. QUEST, SBN 186740
3   heather@bvogel.com
    THE LAW OFFICES OF BRIAN A. VOGEL, PC
4   770 County Square Dr., Ste. 104
5   Ventura, CA 93003
    Phone: (805) 654-0400
6   Facsimile: (805) 654-0326
7
8   Attorneys for Plaintiff ROBERT RAMIREZ JR., by and through his
    Guardian Ad Litem and Mother, LUCINA GARCIA
9
10  RON BAMIEH, SBN 159413
    ronb@bamieherickson.com
11  DAVID R. RING SBN 134823
    david@bamieherickson.com
12  LAURA COTA, SBN 249353
13  laura@bamieherickson.com
    BAMIEH & ERICKSON, PLC
14  692 E. Thompson Blvd.
15  Ventura, CA 93001
    Phone: (805) 643-5555
16  Facsimile: (805) 643-5558
17
18  Attorneys for Plaintiffs GUILLERMO RAMIREZ and TERESA
    RAMIREZ

19              UNITED STATES DISTRICT COURT

20              CENTRAL DISTRICT OF CALIFORNIA

21

22

23  GUILLERMO RAMIREZ, an individual )     Case No.
    and successor-in-interest to ROBERT )
24  RAMIREZ, deceased; TERESA         )     DECLARATION OF LUCINA
    RAMIREZ, an individual and successor- )   GARCIA, AS GUARDIAN AD
25  in-interest to ROBERT RAMIREZ,    )     LITEM AND MOTHER TO
26  deceased, ROBERT RAMIREZ JR., an  )     ROBERT RAMIREZ JR. TO
    individual and successor-in-interest to )   COMMENCE ACTION AS
27  ROBERT RAMIREZ, deceased, by and  )     SUCCESSOR-IN-INTEREST OF
28  through his Guardian Ad Litem and )     ROBERT RAMIREZ

                                  1

Mother, LUCINA GARCIA,                    )        [C.C.P. §§ 377.30 and 377.32]
                                          )
                    Plaintiffs,           )
          vs.                             )
                                          )
OXNARD POLICE DEPARTMENT,                 )
CITY OF OXNARD, CHIEF JERI                )
WILLIAMS, an individual, STEVEN           )
RAMIREZ, an individual, MICHAEL           )
BOCANEGRA, an individual,                 )
ROSLYNN WILFERT, an individual,           )
PEDRO RODRIGUEZ, an individual,           )
AARON ZAVALA, an individual,              )
KYLE BRANTNER, an individual,             )
MATTHEW ROSS, an individual, and          )
DOES 1-10, inclusive.                     )
                                          )
                    Defendants.           )
_____   )

I, LUCINA GARCIA, declare:

    1.    I make this declaration based upon information personally known to me. If called to do so, I could and would testify competently to the facts set forth below.

    2.    I am the mother of ROBERT RAMIREZ JR. <sup>R.R.</sup> I am acting as Guardian Ad Litem for him in this litigation.

    3.    The decedent's name is Robert Ramirez.

    4.    Robert Ramirez died at 11:41 p.m. on June 23, 2012, at St. John's Regional Medical Center in Oxnard, California.

    5.    A certified copy of the decedent's death certificate is attached hereto as Exhibit A and is incorporated by reference herein.

    6.    There is no proceeding currently pending in California for administration of

2

the decedent's estate.

7.     ROBERT RAMIREZ JR. is the decedent's successor-in-interest, as defined
in Code Civ. Proc, § 377.11, and succeeds to the decedent's interest in the above-entitled
matter in that he is the natural issue of the decedent.

8.     No other person other than ROBERT RAMIREZ JR. has a superior right to
commence the above-entitled action or be substituted for the decedent in this action.

I declare under penalty of perjury of the laws of the State of California that the
foregoing is true and correct.

Executed this _5_ day of March 2013, at Ventura, California.


_Lucina Garcia_
LUCINA GARCIA, Declarant

3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| Guillermo Ramirez, and individual; Teresa Ramirez, an individual; and Robert Ramirez Jr., an individual, by and through his Guardian Ad Litem and Mother, Lucina Garcia | Oxnard Police Dept.; City of Oxnard; Chief Jeri Williams, an individual; Steven Ramirez, an individual; Michael Bocanegra, an individual; Roslynn Wilfert, an individual; Aaron Zavala, an individual; Kyle Brantner, an individual; Michael Ross, an individual; and Does 1-10, inclusive |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Brian A. Vogel, The Law Offices of Brian A. Vogel, PC, 770 County Square Dr., Ste. 104, Ventura, CA, (805) 654-0400; Ron Bamieh, Bamieh & Ericson, PLC, 692 E. Thompson Blvd., Ventura, CA 93001, (805) 643-5555 | (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 1983 - Use of Excessive and Deadly Force

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☒ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number:

**CV13-01615**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose. NOTE: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT): _Brian Voyd_   DATE: March 5, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

BRIAN A. VOGEL (SBN 167413)
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400

RON BAMIEH (SBN 159413)
BAMIEH &ERICKSON, PLC
692 E. Thompson Blvd.
Ventura, CA 93001
Phone: (805) 643-5555

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO RAMIREZ, an individual and successor-in-interest to ROBERT RAMIREZ, deceased; TERESA RAMIREZ, an individual and successor-in-interest to ROBERT RAMIREZ, deceased, ROBERT RAMIREZ JR., an individual and successor-in-interest to ROBERT RAMIREZ, deceased, by and through his Guardian Ad Litem and Mother, LUCINA GARCIA,<br><br>Plaintiff(s)<br><br>v.<br><br>OXNARD POLICE DEPARTMENT, CITY OF OXNARD, CHIEF JERI WILLIAMS, an individual, STEVEN RAMIREZ, an individual, MICHAEL BOCANEGRA, an individual, ROSLYNN WILFERT, an individual, PEDRO RODRIGUEZ, an individual, AARON ZAVALA, an individual, KYLE BRANTNER, an individual, MATTHEW ROSS, an individual, and DOES 1-10, inclusive,<br><br>Defendant(s). | CASE NUMBER<br><br>**CV13-01615 NWF(ANx)**<br><br><br><br><br><br>**SUMMONS** |

TO:   OXNARD POLICE DEPARTMENT; CITY OF OXNARD; CHIEF JERI WILLIAMS; STEVEN RAMIREZ; MICHAEL BOCANEGRA; ROSLYNN WILFERT; PEDRO RODRIGUEZ; AARON ZAVALA; KYLE BRANTNER; MATTHEW ROSS; and DOES 1-10, inclusive

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐counterclaim ☐cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiffs' attorneys, Brian A. Vogel, Law Offices of Brian A. Vogel, PC, whose address is 770 County Square Drive, Suite 104, Ventura, CA 93003 and Ron Bamieh, Bamieh & Erickson, PLC, 692 E. Thompson Blvd., Ventura, CA 93001 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: By: _____ MAR - 6 2013

By: _____ **JULIE PRADO**

Deputy Clerk

*(Seal of the Court)*

[Use 60 days if the defendant is the United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                                    SUMMONS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Michael Fitzgerald and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### CV13- 1615 MWF (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.