~~Alan E. Wisotsky — State Bar No. 68051~~
~~James N. Procter II — State Bar No. 96589~~
~~Brian P. Keighron — State Bar No. 71445~~
~~WISOTSKY, PROCTER & SHYER~~
~~300 Esplanade Drive, Suite 1500~~
~~Oxnard, California 93036~~
~~Phone: (805) 278-0920~~
~~Facsimile: (805) 278-0289~~
~~Email: bkeighron@wps-law.net~~

~~Attorneys for Defendants,~~
~~CITY OF OXNARD, OXNARD POLICE DEPARTMENT, JERI WILLIAMS, STEVEN RAMIREZ, MICHAEL BOCANEGRA, ROSLYNN WILFERT, PEDRO RODRIGUEZ, AARON ZAVALA, KYLE BRANTNER, and MATTHEW ROSS~~

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO RAMIREZ, et al., | CASE NO. CV13-01615-MWF-AN |
| Plaintiffs, | **PROTECTIVE ORDER RE PEACE OFFICER PERSONNEL RECORDS [PROPOSED]** |
| v. | |
| OXNARD POLICE DEPARTMENT, et al., | |
| Defendants. | |

Pursuant to the stipulation of the parties, and for good cause shown, IT IS HEREBY ORDERED that:

1. Documents subject to this protective order are personnel records for Officer Stephen Ramirez, Officer Michael Bocanegra, Officer Roslynn Wilfert, Officer Pedro Rodriguez, Officer Aaron Zavala, Officer Kyle Brantner, and Officer Matthew Ross.

2. The records to be produced by defendants are more particularly identified and described as follows, subject to the redactions set forth in paragraph 3, below:

1

(a) Personnel files, including but not limited to, documents relating to the history of employment from inception to the present, such as job application, position job description, performance appraisal, employee development plans, employee self-assessments, notes on attendance, and performance improvement plan documentation;

(b) Training records, including documents referring or relating to education and training which the defendant officers have received relating to their duties as police officers at the Oxnard Police Department;

(c) Performance evaluation records;

(d) Disciplinary records related to excessive force or civil rights violations during the five years prior to the incident;

(e) Complaints and internal investigation records related to excessive force or civil rights violations during the five years prior to the incident;

(f) Summaries of annual compensation paid to the defendant officers for their services as Oxnard Police Department employees;

(g) Audiotapes of the witness interviews conducted during the administrative investigation;

(h) Digital recording of interview by Detectives Kay and Young of Sgt. Steven Ramirez;

(i) Digital recording of interview by Detectives Kay and Young of Officer Matt Ross.

Said documents shall hereinafter be described as "Confidential Information."

3. Defendants may redact highly personal and irrelevant Confidential Information regarding the defendants contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, non-police-related occupational and educational information, personal

///

injury and workers' compensation information, salary information, tax return information, Social Security information, and dates of birth.

4. Confidential peace officer personnel information or documents produced by defendants pursuant to the stipulation of the parties and this protective order shall be returned to defendants at the conclusion of this action, and any copies shall be destroyed forthwith at the conclusion of this action.

5. GOOD CAUSE STATEMENT FOR PROTECTIVE ORDER RE PEACE OFFICER PERSONNEL RECORDS: The Court finds that police officers have privacy rights in the documents and information contained in their personnel files. Thus, redaction is permitted of highly personal and irrelevant Confidential Information regarding the defendants contained in such personnel files and documents, such as, but not limited to, home addresses, phone numbers, names of family members, non-police-related occupational and educational information, personal injury and workers' compensation information, salary information, tax return information, Social Security information, and dates of birth. The Court finds that other information contained in officer personnel files, such as hiring records, training records, employment records, performance evaluation records, and disciplinary records, may be relevant to certain claims and defenses raised by the parties in this litigation. Accordingly, the Court finds that good cause exists to ensure that the disclosure of such documents in this litigation be covered by a confidentiality and protective order to preserve the officers' rights to privacy as to said information.

6. The Court finds that the medical and mental health records of the defendant officers are not intended to be subject to the stipulation of the parties on the grounds that the parties currently dispute whether such records are discoverable. The parties intend to meet and confer regarding this issue, and, if an agreement is reached, the parties will enter into a separate stipulation regarding such records.

7. The defendants may produce the documents referenced in this protective order subject to the following protections:

3

    (a)    All such documents, writings, and information will be considered Confidential Information; this Confidential Information shall be used solely in connection with this case and the preparation and trial of this case or any related appellate proceeding, and not for any other purpose;

    (b)    Said documents and information contained therein shall not be disclosed by plaintiffs or their attorneys to anyone other than:

        (1)    Plaintiffs' attorneys and their staff;

        (2)    Any expert or consultant hired or retained by plaintiffs or their attorneys;

        (3)    Any judge or magistrate judge presiding over any aspect of this action; and

        (4)    Any mediator or other settlement officer agreed to or appointed to assess and evaluate the dispute.

    (c)    After obtaining written consent from defense counsel, the plaintiffs' attorneys may produce certain documents referenced in this protective order, and specifically identified in the written consent by defendants' attorneys, to either plaintiffs or witnesses disclosed by any party pursuant to FRCP Rule 26(a)(1),(2), and (3) and local rules in the course of giving testimony or preparing for such testimony.

8.    Said documents, writings, and information covered by this protective order, including all videos, photographs, and audiotapes, shall not be provided to news media, television, or radio, or placed on the Internet.

9.    All persons to whom said documents are disclosed will be apprised of this protective order and of its binding nature on all persons connected with this case.

10.    To the extent that any document or deposition transcript covered by this protective order is disclosed to a person or witness pursuant to the stipulation of the parties and this protective order, the document shall be appropriately marked "Confidential Document produced in *Ramirez v. City of Oxnard, et al.,* subject to protective order."

11. Nothing herein shall be construed as a concession as to the admissibility of such items herein disclosed, and the parties may reserve the right to seek exclusion of any such items or the information contained therein in limine or during trial.

12. Disclosure of the Confidential Information covered by the stipulation and this protective order shall be made within twenty (20) days of defendants' receipt of this signed and conformed protective order.

**IT IS SO ORDERED.**

Dated: June 18, 2014

ARTHUR NAKAZATO
United States Magistrate Judge

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920