UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 13-01615-MWF (Ax) | Date: February 6, 2015 |
| Title: Guillermo Ramirez, et al. -v- Oxnard Police Department., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE MOTIONS IN LIMINE

Before the Court are the motions in limine filed by both parties on January 1, 2015. Plaintiffs filed two Motions in Limine. (Docket Nos. 73, 76). Defendants Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner, and Matthew Ross filed three Motions in Limine. (Docket Nos. 71, 72, 73).

The Court held a hearing on the motions in limine on February 3, 2015.

Considering the papers and the arguments of counsel at the hearings, the Court rules as follows:

- Plaintiffs' Motion in Limine No. 1: **GRANTED in part** and **DENIED in part**.
- Plaintiffs' Motion in Limine No. 2: **GRANTED in part** and **DENIED in part**.
- Defendants' Motion in Limine No. 1: **GRANTED in part** and **DENIED in part**.
- Defendants' Motion in Limine No. 2: **DENIED.**
- Defendants' Motion in Limine No. 3: **GRANTED**.

**Plaintiffs' Motion in Limine No. 1 to Exclude Improper Expert Testimony**

Plaintiffs seek to exclude any evidence from Defendants' expert witnesses Curtis Cope, Tom Neuman, M.D., Frank Sheridan, M.D., and Bing Ly, M.D. that was not disclosed during to discovery, is not supportable by admissible facts, is outside the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 13-01615-MWF (Ax) | Date: February 6, 2015 |
| Title: Guillermo Ramirez, et al. -v- Oxnard Police Department., et al. | |

scope of the expert's written opinion produced during discovery, and is improper expert testimony under Federal Rule of Evidence 702. (Mot. at 2).

Plaintiffs also seek to exclude Cope's testimony as to various opinions contained in his expert report. Specifically Plaintiffs object to three of Cope's opinions to the effect that Defendants acted reasonably in dealing with Ramirez. Plaintiffs argue that these opinions are legal conclusions that improperly usurp the role of the jury. The opinions to which Plaintiffs object are: (1) a reasonable office would have considered Ramirez a potential threat due to his drug induced state; (2) the officers used reasonable force in controlling Ramirez; and (3) a reasonable office would have attempted to control Ramirez prior to requesting EMS personnel to assist, and would have used reasonable force to accomplish that control, including handcuffing and applying a hobble.

That Cope's testimony goes to an ultimate issue is not sufficient reason by itself to exclude the testimony. Rule 704(a) provides that expert testimony that is "otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." *See also Elsayed Mukhtar v. California State Univ., Hayward*, 299 F.3d 1053, 1066 (9th Cir. 2002) amended sub nom. *Mukhtar v. California State Univ., Hayward*, 319 F.3d 1073 (9th Cir. 2003) overruled on other grounds by *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) ("It is well-established, however, that expert testimony concerning an ultimate issue is not per se improper.").

As the Court made clear at the hearing, Cope may testify as to the relationship of Defendants' conduct to the standards of the Oxnard Police Department or POST, and as to what he would have done had he been in the position of the officers. The Court, however, will not permit him to imply that he has superior factual knowledge as to what occurred than the jurors or to testify that the actions of the officers are insufficient to constitute violations of Ramirez's or Plaintiffs' rights under the Constitution.

The Court will also permit Defendants to call each of their medical expert witnesses. At the hearing Plaintiffs complained that calling multiple witnesses on the same issue is cumulative and prejudicial. The Court does not believe that to be the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-01615-MWF (Ax)					Date:  February 6, 2015
Title:	Guillermo Ramirez, et al. -v- Oxnard Police Department., et al.

case and such testimony is likely to be corroborative and helpful to the jury in light of the expected testimony of Dr. O'Halloran on behalf of Plaintiffs.

As a matter of course, the Court will not permit experts to testify to matters beyond the reports produced prior pursuant to the Court's Scheduling Order, or otherwise in a manner contrary to the Federal Rules of Evidence.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion.

### Ramirez's Motion in Limine No. 2 to Exclude Arrest, Conviction and Incarceration Records of Robert Ramirez

Plaintiffs seek to exclude the admission of any documents or testimony as to Ramirez's past arrest, conviction, and incarceration records. Plaintiffs object to this evidence on the basis that it is irrelevant and its probative value is substantially outweighed by its undue prejudice. Defendants contend that the evidence is relevant to Plaintiffs' damages claim. Defendants argue that Plaintiffs, as Ramirez's son and parents, are likely to request significant damages resulting from his death, and evidence of Ramirez's drug use, and time spent incarcerated are very relevant to the nature of the relationship Ramirez had with Plaintiffs and was likely to have going forward.

The Court will not permit such evidence for the purposes of liability as it is irrelevant. The Court will permit introduction of evidence and testimony that goes to the length of time Ramirez spent incarcerated. However, evidence of the number and nature of his convictions will not be permitted. The Court will consider a limiting instruction as to how the jury may consider such evidence.

Plaintiffs also object, in two conclusory sentences, to Defendants' last minute stated intent to introduce criminal history records of witness Erika Pedro. Defendants do not respond to Plaintiffs' objection to the introduction of Pedro's records in their Opposition. The Court will permit such information as is consistent with Federal Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-01615-MWF (Ax)         Date:  February 6, 2015
Title:      Guillermo Ramirez, et al. -v- Oxnard Police Department., et al.

of Evidence 609 and subject to the Court's determination at trial of its likely relevance and prejudice under Federal Rule of Evidence 403.  Defendants must obtain the Court's permission before using this evidence at trial.

     Accordingly the Court **GRANTS** *in part* and **DENIES** *in part* the Motion.

**Defendants' Motion in Limine No. 1 to Exclude Evidence of Post Incident Investigations and Inquiries**

     Defendants seek to exclude the introduction of evidence of any investigation, inquiry, or opinion and report derived therefrom that occurred after the incident at issue in this action.  Defendants argue that evidence of even the existence of an investigation or inquiry improperly implies that Defendants did something wrong, and is irrelevant to the determining what took place during the incident.

     Plaintiffs argue that the probative value of this information is significantly greater than its prejudice, and the mere fact that it may be detrimental to Defendants' case is not sufficient to exclude it under Rule 403.  Plaintiffs also argue that four Defendants gave statements to detectives investigating the death of Ramirez and that such statements should be admissible for impeachment where they conflict with Defendants' testimony at trial.  Further, Plaintiffs contend that three Defendants failed to complete written reports or submit to a voluntary interview in violation of Oxnard Police Department Policy, and questioning on this subject should be permitted.  These three Defendants however, later made statements once they were represented by counsel.

     The Court has broad discretion in applying Rule 403.  *Kanekoa v. City & County of Honolulu*, 879 F.2d 607, 613–14 (9th Cir.1989) ("Trial judges are better able to sense the dynamics of a trial than we can ever be, and  broad discretion must be accorded them in balancing probative value against prejudice").  The Court will allow Plaintiffs to use statements made by Defendants in the course of the investigation into Ramirez's death to be presented at trial, but only as to each of the Defendants who made the statement.

---

          **CIVIL MINUTES—GENERAL**            **4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-01615-MWF (Ax)          Date:  February 6, 2015
Title:     Guillermo Ramirez, et al. -v- Oxnard Police Department., et al.

The Court believes, however, that the fact of an internal investigation is likely to be prejudicial to Defendants, as is a Defendant's refusal to make a voluntary statement. *See, e.g., Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986) (holding that district court did not abuse its discretion in determining that the jury might infer that the officer was guilty of wrongdoing "merely because the Police Department conducted disciplinary proceedings" and that the jury might give "unfair or undue weight" to such evidence).

At the hearing, Plaintiffs' counsel argued that Plaintiffs should be permitted to examine the three Defendants as to their refusal to provide voluntary statements and the circumstances surrounding the statements when they were eventually made, including that they were made after their co-Defendants had given statements, and that they made them in the presence of their attorneys.

Any statements made by Defendants are admissible as statements by a party opponent as is clear under Federal Rule of Evidence 801(d). Plaintiff may also inquire into the circumstances surrounding any statements made by Defendants, including the date on which they were made, their timing in relation to statements made by other Defendants, and whether Defendants were represented by counsel when they made the statements. However, the Court will not permit any mention of the fact of the investigation or internal affairs in the examination of Defendants. The Court also will not permit any questions regarding whether the statements were voluntary or not, or whether officers invoked any rights under the Fifth Amendment or the Public Safety Officers' Bill of Rights.

Accordingly, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.

**Defendants' Motion in Limine No. 2 to Exclude Evidence that Less Intrusive Force Could Have Been used by the Individual Defendants**

Defendants seek to preclude Plaintiffs from introducing at trial any evidence, testimony, or contentions that Defendants should have used "less intrusive"

---

**CIVIL MINUTES—GENERAL**          5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 13-01615-MWF (Ax)   Date:  February 6, 2015
Title:    Guillermo Ramirez, et al. -v- Oxnard Police Department., et al.

alternatives or retreated instead of using force against Ramirez.  Defendants argue that any such evidence is irrelevant, could cause confusion of the issues, is unfairly prejudicial, and in any event, is contrary to well-established legal precedent.

Plaintiffs assert that while the applicable legal standard does not require the police to use the least amount of force available, it is nonetheless permissible for the jury to consider whether the police could have used a lesser alternative means of force in evaluating whether the use of force used was "objectively reasonable" under the circumstances faced by the officer.

The Motion is **DENIED**.  The Court agrees that the applicable standard is one of reasonableness but will not preclude Plaintiffs from arguing – based on otherwise admissible evidence – that Defendants' use of force was unreasonable in this case given lesser alternatives.  The availability of a lesser intrusive alternative is relevant – but not conclusive – of the reasonableness of the force used.

Defendants' concern that the jury may be misled into believing that Defendants were obligated to use the least intrusive force available will be dealt with through jury instructions on Plaintiffs' claims.

**Defendants' Motion in Limine No. 3 to Exclude Evidence or Argument Regarding Other Incidents of Force by Other Police Departments**

Defendants seek to exclude any reference to other incidents relating to the police's use of force.  In particular, Defendants refer to the widely known incidents that have recently occurred in Ferguson, Missouri; New York, New York; and Fullerton, California.  Defendants maintain that such evidence is irrelevant to the present dispute and would be prejudicial under Rule 403.

Plaintiffs oppose Defendants' Motion, first, because they believe that reference to such events is both likely and appropriate during voir dire.  Second, reference to such incidents is also appropriate during direct and cross-examination of any police practices expert.  Plaintiffs also indicate that they do not intend to enter detailed

---

**CIVIL MINUTES—GENERAL**                                                                 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 13-01615-MWF (Ax)          **Date:** February 6, 2015
**Title:** Guillermo Ramirez, et al. -*v*- Oxnard Police Department., et al.

evidence on any other incident, nor make "inflammatory arguments" regarding other incidents. However, passing references to other incidents should be allowed during voir dire, examination of witnesses, and argument when relevant.

Defendants are correct that other incidents are not relevant to questions of liability or damages in the present case. Reference to such incidents during voir dire is not appropriately addressed in a Motion in Limine and will be addressed by the Court during jury selection.

The Court therefore **GRANTS** Defendants' Motion. No party may reference any such incidents, generally or specifically, during trial. Further, no party may reference any incident during closing arguments except with the express, prior permission of the Court. As noted, this motion does not resolve which issues should be addressed on voir dire.

IT IS SO ORDERED.