LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, SBN 144074
Eric Valenzuela, SBN 284500
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
dalekgalipo@yahoo.com
evalenzuela@galipolaw.com

Attorneys for *Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO RAMIREZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> OXNARD POLICE DEPARTMENT, et al., <br><br> Defendants. | **Case No. CV 13-01615-MWF-AN** <br><br> [*Honorable Michael W. Fitzgerald*] <br><br> **PLAITNIFFS' EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER ALLOWING PLAINTIFFS TO DESIGNATE A POLICE PRACTICES EXPERT AND TO TAKE THE DEPOSITIONS OF DEFENDANTS' RETAINED EXPERTS** <br><br> [Proposed] Order And Declaration of Eric Valenzuela In Support Thereof *filed concurrently herewith*] <br><br> Trial: June 16, 2015 |

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs R.R., by and through his Guardian Ad Litem, Antonio Anguiano Cervantez, Teresa Ramirez and Guillermo Ramirez, through their counsel Dale K. Galipo and Eric Valenzuela, will and hereby do apply to this Court to modify its October 28, 2014 Scheduling Order [Doc. #51] to permit

Plaintiffs to designate a police practices expert for trial and to allow Plaintiffs to take the depositions of the Defendants' retained experts prior to trial.

## Local Rule 7-19 Compliance

Prior to filing this Ex Parte Application Plaintiffs' counsel contacted defense counsel Mr. Brian P. Keighron in compliance with Local Rule 7-19 through 7-19.1. *See* Declaration of Eric Valenzuela in Support of Ex Parte Application to Modify the Scheduling Order Allowing Plaintiffs to Designate a Police Practices Expert and to take the Depositions of Defendants' designated Experts. ("Valenzuela Decl.") at ¶ 2.

Defense counsel is:

Mr. Brian Keighron
of WISOTSKY, PROCTER & SHYER
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Telephone: (805) 278-0920
Facsimile: (805) 278-0289
E-mail: bkeighron@wps-law.net

Mr. Keighron stated that Defendants would oppose Plaintiffs' Ex Parte Application to designate a police practices expert and would also be opposed to the Plaintiffs taking the depositions of the Defendants' retained experts prior to trial. Valenzuela Decl. at ¶ 3.

Respectfully submitted,

Dated: February 27, 2015  LAW OFFICES OF DALE K. GALIPO

　　　　　　　　　　　　　　　　　　/s/ Eric Valenzuela
　　　　　　　　　　　　　　　　　Dale K. Galipo
　　　　　　　　　　　　　　　　　Eric Valenzuela
　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

# Introduction

Plaintiffs bring claims arising out of the death of Robert Ramirez (Decedent), who died while being taken into custody by Defendants Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner and Matthew Ross of the Oxnard Police Department ("OPD"). The medical examiner who performed the autopsy, Dr. Ronald O'Halloran, found that the Decedent's manner of death was a homicide and the cause of death was asphyxia from active prone restraint (restraint asphyxia).

The central issues in this case is whether the Defendants were negligent, used unreasonable force and whether the actions and inactions of the involved officers contributed to the Decedent's death.

The Court's October 28, 2014 Scheduling Order [Doc. #51] indicates that the deadline for the Expert Initial Disclosures was October 31, 2014, the last day for the Expert Rebuttal Disclosure was November 14, 2014 and the Expert Discovery Cut-Off was November 26, 2014. Defendants designated a total of four experts. Valenzuela Decl. at ¶ 4. The Defendants designated three medical experts Tom S. Neuman, M.D., Frank Sheridan, M.D., and Binh T. Ly, M.D. and one police practices expert Curtis J. Cope. Valenzuela Decl. at ¶ 4.

On February 3, 2015, the same date as the Pre-Trial Conference, attorney Dale K. Galipo filed his request to be substituted in as the attorney for all of the Plaintiffs [Doc. # 106,107]. The Court granted the substitution of attorney that same day [Doc. # 108,109].

During the Pre-Trial Conference Mr. Galipo notified the Court and defense counsel that if the trial was continued from the February 24, 2014 scheduled date, that Plaintiffs would seek leave to designate a police practices expert to counter the opinions of defense expert Mr. Cope and to give opinions regarding officer training and POST Standards with respect to the use of force, positional and restraint

asphyxia and that the tactics, techniques and force used by the involved officers in the instant case was contrary to police officer training and POST standards.

On February 11, 2015, on the Court's own motion, and at the request of both counsel, the trial was continued until June 16, 2015. The primary focus of this Ex Parte Application is to hereby request that the Scheduling Order be modified for the limited purpose of allowing Plaintiffs to designate Roger Clark as a police practices expert for trial. Plaintiffs can provide Mr. Clark's report by April 3, 2015, and Plaintiffs would make Mr. Clark available for deposition on or before May 2, 2015, which is approximately forty five (45) days before trial. Additionally, Plaintiffs would also like to request that they be allowed to take the depositions of the Defendants' retained experts. Allowing Plaintiffs to depose all four of Defendants' retained experts will streamline the trial by allowing Plaintiffs' counsel to become familiar with their respective testimony prior to trial, thereby saving time at trial and allow Plaintiffs' counsel to be better prepared for trial.

## Good Cause Exists To Modify Scheduling Order

A party seeking to amend a scheduling order must show "good cause." Fed.R.Civ.P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992). The schedule may be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)). Prejudice to the opposing party may supply additional reasons to deny an extension, but the focus of the inquiry is on the moving party's reasons for seeking modification. *Id.*

Good cause exists to modify the Scheduling Order to allow Plaintiffs to designate Mr. Clark as an expert witness at trial because Mr. Galipo only recently came into the case after the expert discovery period had already expired. Mr. Galipo was diligent in notifying the Court and defense counsel during the Pre-Trial

Conference that Plaintiffs would seek to designate a police practices expert in the event the trial were to be continued and Plaintiffs' counsel was also diligent in bring this Ex Parte Application because the Court only recently continued the trial date until June 16, 2015.  Because the diligence of the party is the primary consideration in showing good cause, and because Mr. Galipo has been diligent in seeking to modify the scheduling order to designate a police practices expert since the first day of being substituted in as Plaintiffs' counsel during the Pre-Trial Conference; Plaintiffs have satisfied the good cause requirement to modify the Scheduling Order.

Plaintiffs can make Mr. Clark's report available by April 3, 2015, and available for deposition on or before May 2, 2015.  Therefore, there would be no real prejudice to Defendants, especially, since there will still be an additional forty five (45) days to prepare for trial.  Despite this time table, Plaintiffs anticipate that Defendants will still allege that it will be prejudicial to allow Plaintiffs to designate an expert at this time.  However, any alleged prejudice to Defendants—Plaintiffs contend there will be no prejudice— is not to be the focus of the inquiry.  Rather, the focus is on the Plaintiffs' reasons for seeking the modification in order to satisfy the good cause requirement.

The modification should also be granted in the interest of justice.  The Defendants retained four experts and Plaintiffs would severely prejudiced if they were not allowed the opportunity to "level the playing field" by calling Mr. Clark at trial as an expert in the area of police practices and policies.  Plaintiffs would be at a great disadvantage if they were not permitted to offer evidence that the Defendant Officers acted contrary to OPD policies and police officer training, particularly as it pertains to restraint techniques and positional asphyxiation.  Importantly, defense police practice expert Mr. Cope opined that the officers used reasonable force during the entire incident, that the type of force used by the involved officers are taught and approved techniques by POST and OPD, that the

Defendant Officers reacted as trained and that placement of body weight onto the Decedent's body during the incident is proper and good police procedures [Doc. # 111-1 at 13,14 of 33]. Plaintiffs would be severely prejudiced and at a great disadvantage if they were not permitted to counter these opinions offered by Mr. Cope. Especially, since Defendants will be calling four separate retained experts, three doctors and one police practices expert. At trial Plaintiffs will be calling Dr. O'Halloran, the medical examiner for the County of Ventura who performed the autopsy on Decedent, which should help Plaintiffs address the medical aspects of the case, including the opinions offered by Defendants' three medical experts. However, with regards to police tactics, policies and training, as it currently stands, Plaintiffs do not have a single witness to call during trial who is not employed by the OPD or a defense expert. While, Defendants have four retained experts, Plaintiffs only seek to call one retained police practices expert at trial. It would be in the best interest of justice and fairness to permit Plaintiffs to call Mr. Clark at trial since the newly appointed Plaintiffs' counsel has been diligent in seeking to have a police practices expert testify at trail and the June 16, 2015 trial date provides plenty of time for Defendants to receive and review Mr. Clark's report, Depose Mr. Clark and prepare for trial, thereby eliminating any potential prejudicial effect to Defendants.

    Good cause may be found if the moving party can show that it could not comply with the schedule due to matters that could not have been reasonably foreseen at the time of the issuance of the scheduling order. *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D.Cal.2009). As previously stated, Mr. Galipo could not comply with the Court's Scheduling Order because he was not the Plaintiffs' attorney at the time the expert deadline expired and it could not have been reasonably foreseen at the time the Court issued its Scheduling Order, that a substitution of Plaintiffs' lead trial counsel would occur on the eve of trial.

## Plaintiffs' Expert Designation is Both Substantially Justified and Harmless to Defendants

A party's failure to disclose expert witnesses in a manner prescribed by the court exposes that party to sanctions under Federal Rule of Civil Procedure 37(c). This rule provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed.R.Civ.P. 37(c)(1). The Ninth Circuit has articulated several factors for the Court to consider when determining whether a violation of the expert discovery rules was justified or harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir.2010), citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir.2003). Here, allowing Mr. Clark to testify at trial will not be a surprise or prejudicial to the Defendants because they were told at the Pre-Trial Conference that Plaintiffs would seek to have a police practices expert testify at trial if the trial were to continue and because Defendants will have sufficient time to receive/review Mr. Clarks report, depose Mr. Clark and prepare for trial. In fact, Defendants will still be at a distinct advantage because they will still have four (4) retained experts compared to Plaintiffs' single police practice's expert and the medical examiner Dr. O'Halloran. Further, Defendants will have had the opportunity to depose Plaintiffs' expert, whereas Plaintiffs never deposed any of Defendants' retained experts. Valenzuela Decl. at ¶ 5.

Plaintiffs are able to cure any potential prejudice to Defendants because they will have had plenty of time to obtain the expert report, depose the expert and still have over forty five (45) days to prepare for the June 16th trial date.

There is no likelihood of disruption of the trial since the expert discovery will conclude at least forty five (45) days prior to trial. Moreover, there is no bad faith or willfulness involved in not designating an expert by the Court ordered deadline. Rather, the expert deadlines were not complied with because the prior Plaintiffs' attorneys failed to do so and the current Plaintiffs' attorney had not been substituted in prior to the expert discovery cut-off.

As previously stated, the main focus of this motion is to allow Plaintiffs to designate a police practices expert to call as a witness at trial. In addition to designating a police practices expert, Plaintiffs also seek to depose all four of Defendants' retained experts.

## Conclusion

In the interest of justice and fairness, Plaintiffs, which include an minor child, should be afforded every reasonable opportunity to present their best case possible during trial. Plaintiffs have demonstrated good cause to modify the Court's Scheduling Order to allow Roger Clark to testify at trial as a retained expert and said modification is substantially justified and harmless to Defendants and in the interests of justice. Therefore, Plaintiffs hereby respectfully request the Court to modify its Scheduling Order for the limited purpose of allowing Plaintiffs to designate Roger Clark as a retained expert. Mr. Clark's report will be provided to Defendants no later than April 3, 2015 and Plaintiffs will make Mr. Clark available for deposition on or before May 2, 2015. Further, Plaintiffs request that they be allowed to depose Defendants' retained experts before trial.

///

///

///

Respectfully submitted,

Dated:   February 27, 2015            LAW OFFICES OF DALE K. GALIPO


                                          /s/ Eric Valenzuela
                                      Dale K. Galipo
                                      Eric Valenzuela
                                      Attorneys for Plaintiffs