Alan E. Wisotsky – State Bar No. 68051
James N. Procter II – State Bar No. 96589
Brian P. Keighron – State Bar No. 71445
WISOTSKY, PROCTER & SHYER
300 Esplanade Drive, Suite 1500
Oxnard, California 93036
Phone:  (805) 278-0920
Facsimile: (805) 278-0289
Email:  bkeighron@wps-law.net

Attorneys for Defendants,
    STEVEN RAMIREZ, MICHAEL BOCANEGRA,
    ROSLYNN WILFERT, PEDRO RODRIGUEZ,
    AARON ZAVALA, KYLE BRANTNER, and
    MATTHEW ROSS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO RAMIREZ, etc., et al., <br><br> Plaintiffs, <br><br> v. <br><br> OXNARD POLICE DEPARTMENT, et al., <br><br> Defendants. | CASE NO. CV13-01615-MWF-AN <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER ALLOWING PLAINTIFFS TO DESIGNATE A POLICE PRACTICING EXPERT AND TO TAKE THE DEPOSITIONS OF DEFENDANTS' RETAINED EXPERTS; DECLARATION OF BRIAN P. KEIGHRON** <br><br> Trial:  June 16, 2015 |

Defendants STEVEN RAMIREZ, MICHAEL BOCANEGRA, ROSLYNN WILFERT, PEDRO RODRIGUEZ, AARON ZAVALA, KYLE BRANTNER, and MATTHEW ROSS respectfully oppose plaintiffs' Ex Parte Application to modify the scheduling order allowing plaintiffs to designate a police practicing expert and to take the depositions of defendants' retained experts as follows:

///

///

1

**I**

## EX PARTE APPLICATIONS ARE NOT APPROPRIATE FOR MOTIONS TO REOPEN DISCOVERY AND DESIGNATE NEW EXPERTS AFTER CUTOFF DATES HAVE EXPIRED

**1.    Ex Parte Relief of This Nature Should Be Rarely Granted:**

As noted by this court's Procedures and Schedules, "*Ex parte* applications can be submitted for routine exceptions to the local Rules. *Ex parte* applications solely for extraordinary relief are rarely granted. See Mission Power Eng'g Co. v. Cont'l Casualty Co., 883 F. Supp. 488, 490-91 (C.D. Cal. 1995)." The Mission Power case succinctly sets forth the reasons why ex parte applications, like the one submitted by the plaintiffs in the instant case, should be denied and why they should not be used to obtain substantive relief such as modifying scheduling orders, reopening discovery and allowing parties to designate and depose experts months after the  cutoff dates have expired.

The Mission Power court noted that ex parte motions are rarely justified and courts are sensitive to the unfairness that results from ex parte motions:

> Safeguards that have evolved over many decades are
> built in to the Federal Rules of Civil Procedure and
> the Local Rules of this court.  The rules contemplate
> that regular noticed motions are most likely to produce
> a just result.  This is because they give the adversary
> an opportunity to prepare a thorough opposition
> (and, if needed, an opportunity for oral argument)
> according to a pre- designed, consistent time table.

Mission Power, supra at 491.

/ / /

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

The court also favorably cited Judge Rymer's holding in In Re Intermagnetics America, Inc. 101 B.R. 191(C.D. Cal 1989)  that ex parte applications "impose an unnecessary administrative burden on the court and unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason."  In Re Intermagnetics America, Inc., supra at 193.

## 2.   Plaintiffs Fail to Make The Requisite Showing Necessary To Justify Ex Parte Relief:

The Court in the Mission Power case also explained what is necessary to justify ex parte relief.

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlined motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.
>
> Mission Power supra at 493.

As set forth below, the plaintiffs' cannot show (a) irreparable prejudice; or (b) that they are without fault; or(c) that the "crisis" occurred as a result of excusable neglect.

## 3.   There is No Showing of Irreparable Prejudice:

Plaintiffs will not be prejudiced if they are required to file a noticed motion. Regarding their request to designate Roger Clark as a police practices expert for trial, they propose making Mr. Clark available for deposition on or before May 2, 2015 which is approximately two months from now.  A noticed motion could certainly be heard long before that date.  There is no drastic harm threatened to the plaintiffs if the

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

ex parte application is denied.  Further, the plaintiffs' case does not "depend" on expert testimony to prove their case like a plaintiff in a medical malpractice or products liability case.

**4.    The Moving Parties are not Without Fault and There is No Showing of Excusable Neglect.**

Importantly, the plaintiffs in this case have always been represented by experienced and competent counsel and said counsel made conscious decisions to withdraw their previously designated police practices expert and not to take the depositions of defendants' experts.  This is <u>not</u> a case where the plaintiffs were representing themselves in pro per prior to the substitution of new counsel. Instead, plaintiffs have been represented by counsel from the beginning and throughout this case.

The following is a timeline of relevant events regarding the designation of expert witnesses in this case:

1.    The parties were required to make their expert (initial) disclosures on or before October 31, 2014; their expert rebuttal disclosure on November 14, 2014; and the expert discovery cutoff was on November 26, 2014. (See Court's Order dated October 28, 2014, attached as Exhibit A).

2.    The defendants and plaintiffs timely designated experts on October 24, 2014.  Importantly, in plaintiff's expert designation, the plaintiffs designated a police practices expert, Ron Martinelli (Exhibit B, attached).

3.    On October 27, 2014, defense counsel noticed the deposition of Mr. Martinelli for November 7, 2014.  (Exhibit C, attached).

4.    On November 4, 2014, Plaintiffs' counsel, Brian Vogel, informed defense counsel that all the plaintiffs had chosen to withdraw Mr. Martinelli as an expert in this matter. Mr. Vogel then confirmed that the plaintiffs were withdrawing Mr.

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

4

Martinelli by email on November 5, 2014. (Exhibit D, attached.) In reliance thereon, defendants cancelled the deposition of Mr. Martinelli.

Thus, this is clearly not a situation where plaintiffs' counsel did not have the opportunity to retain a police practices expert and the failure to do so was "substantially justified." Here, the plaintiffs' counsel knew they wanted a police practices expert, retained one and then made the conscious decision to withdraw said expert. There is thus no merit to the plaintiffs' new counsel's contention that denying the plaintiffs' request to reopen discovery and designate experts imposes an unjust penalty on the plaintiffs.

Plaintiffs were represented by counsel throughout this case. Federal courts have long held that allowing parties to simply avoid the consequences of decisions made by their attorneys "would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." Smith v. Ayer, 101 U.S. 320, 326 (1879). "Moreover, a lawyer assumes a case as he or she finds it, and a party may not alter the case's schedule----which, as discussed below, is purposely set early on by the Court---each time he or she deems it fit to hire new representation." Irizarry-Santiago v. Essilor Industries, 293 F.R.D. 82, 84 (D. Puerto Rico, 2013). New counsel is not entitled to arbitrarily and presumptively ignore agreements or decisions made by prior counsel, especially when the abrogation of such agreements or decisions runs afoul of the court's scheduling orders which had heretofore been scrupulously followed and relied upon by all parties.

//

//

//

//

//

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

## II

## <u>PLAINTIFFS' MOTIONS SHOULD ALSO BE DENIED ON THE MERITS</u>

The plaintiffs have basically filed two motions, each seeking to amend the court's scheduling order. Their first motion requests leave to serve a Rule 26(a)(2)(B) report with respect to a new police practices expert. The second motion seeks to allow plaintiffs to reopen discovery and take the depositions of defendants' experts. Both of these motions come long after the October 31, 2014 expert disclosure deadline, the November 14, 2014 expert rebuttal disclosure deadline and the November 26, 2014 expert discovery cutoff deadline.

Plaintiffs' motions are basically a Rule 16(b) (4) motion for modification of the scheduling order. Under Rule 16(b) (4), the plaintiffs must show that good cause exists to modify the scheduling order. Rule 16 (b) (4)'s "good cause" standard primarily considers the diligence of the party seeking modification. Johnson v. Mammoth Recreations, Inc. 975 F. 2nd 604, 609 (9th Cir. 1992). Good cause exists if the pretrial schedule cannot "reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F. 2nd at 609 (quoting F. R. Civ. Pro. 16 Advisory Committee's Notes (1983 Amendment)). "If the party seeking a modification "was not diligent, the inquiry should end" and the motion to modify should not be granted." Zivkovic v. Southern California Edison Co. 302 F. 3rd. 1080, 1087(9th Cir. 2002) (Quoting Johnson 975 F. 2nd at 609). The Rule 16(b) (4) "good cause" standard applies to a request to modify the scheduling order for the purpose of extending or reopening an expert disclosure deadline. See Wong v. Regents of the University of California, 410 F. 3rd 1052, 1060 (9th Cir. 2005).

//

//

//

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

In applying the Rule 16(b)(4) "good cause" standard, the Court must also take into consideration Fad.All.Civ.3.37.(c)(1), which provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a)(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or a trial, unless the failure was substantially justified or is harmless.

Rules 37(c) (1) is a "self executing," "automatic" sanction designed to provide a strong inducement for disclosure. Goodman v. Staples The Office Superstore, LLC, 644 F.3rd 817, 827 (9th Cir. 2011). The only exceptions to Rule 37(c) (1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless. Goodman 644 F. 3rd at 827.

In Wong, supra, the Ninth Circuit addressed the interplay between rules 16(b) and 37(c) (1) as they apply to the late disclosure of an expert witness. The court found that the trial court did not abuse its discretion in excluding witnesses not identified by the deadline established in the Court's Rule 16 scheduling order. The court noted that "deadlines must not be enforced mindlessly" because a good reason may exist to permit the identification of additional witnesses after the established deadline. Wong at 1060. One such reason might be the necessity of the witness could not have been reasonably anticipated prior to the time the deadline elapsed. (As noted above, that reason does not exist in the instant case.) Ultimately, the 9th Circuit found that Wong had no good reason for his late disclosure of the additional witnesses, and the trial court was justified and did not abuse its discretion in excluding the additional witnesses. Wong, supra at 1060.

In the instant case, it is clear that the designation or potential need for a police practices expert witness was anticipated by plaintiffs' counsel prior to the time that the disclosure deadline elapsed since they in fact designated a police practices expert. Plaintiffs, however, make no mention of this important fact in their present motion.

1  Plaintiffs' counsel then made the decision to withdraw the expert prior to his

2  deposition.  The mere fact that the plaintiffs have substituted a new attorney does not

3  change the fact that their prior counsel designated and then withdrew the expert for

4  presumably valid reasons.  New counsel should not be permitted to simply disregard

5  good faith decisions made by prior counsel which were relied on by opposing counsel

6  in preparing for trial and determining trial strategy.   To permit new counsel to

7  unilaterally ignore litigation decisions to which his clients are deemed to be bound

8  would be "wholly inconstant with our system  of representative litigation." Smith, id.

9  As to the "harmless" exception to exclusion of expert witnesses, permitting

10  plaintiffs to designate a new expert at this late date, after motions in limine have been

11  filed, after pretrial disclosures, witness lists, exhibit lists and pleadings have been

12  filed, after defendants had timely produced their expert report (enabling plaintiff's

13  expert to now frame his opinions and attack the opinions of defendants' expert) and

14  after trial preparation has gone forth, would not only harmful to defendants but gives

15  the plaintiffs an unfair advantage.  Defendants should not be put at a disadvantage

16  and prejudiced because they followed the rules. As the Ninth Circuit has made clear:

17  "Disruption to the schedule of the court and other parties…is not harmless." Wong,

18  410 F.3rd at 1066.

19  In the instant case the plaintiffs provide no explanation whatsoever as to why

20  the plaintiffs should not be bound by the fact that their counsel previously designated

21  and subsequently withdrew their police practices expert.  In fact, as noted above,

22  there is no mention in their motion regarding the fact that plaintiffs had previously

23  designated a police practices expert.  Plaintiffs cannot now claim that they are

24  requesting relief that is harmless or that their conduct should be ignored or readily

25  excused. See Wong 410 F. 3rd at 1062 (the disruption of the court's scheduling order

26  was not harmless "even though the ultimate trial date was still some months away").

27  Plaintiffs' desire to modify the scheduling order to permit the designation of a new

28  expert seeks relief which is not only not "harmless," but also without justification.

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

A similar analysis applies to the plaintiffs' request to depose defendants' experts almost three months after the expert discovery cutoff date.  As previously noted, plaintiffs were represented by competent and experienced attorneys prior to Mr. Galipo entering the case.  The attorneys apparently made a conscious decision to not depose defendants' experts and instead rely on their Rule 26 expert reports to limit their testimony. They also apparently made a conscious decision to withdraw their original expert and not designate a rebuttal expert.

There is no "substantial justification" to permit plaintiffs to depose defendants' experts at this late date.  Defendant's experts' reports are sufficiently complete, detailed and in compliance with the rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced.  Requiring defendants to now expend significant monies to prepare the experts for deposition and require experts to travel from San Diego County and San Bernardino County is not "harmless."

### III

### CONCLUSION

The plaintiffs' ex parte application to modify the scheduling order should be denied on the grounds that it is procedurally improper. It should also be denied on substantive grounds because the requests are without substantial justification and are not harmless to defendants.

DATED: March 2, 2015                    WISOTSKY, PROCTER & SHYER


                                         By:/s/
                                         Brian P. Keighron
                                         Attorneys for Defendants,
                                         STEVEN RAMIREZ, MICHAEL
                                         BOCANEGRA, ROSLYN WILFERT,
                                         PEDRO RODRIGUEZ, AARON ZAVALA,
                                         KYLE BRANTNER, and MATTHEW ROSS

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

*Ramirez v. City of Oxnard, et al.*
USDC Case No. CV13-01615-MWF-AN

## **DECLARATION OF BRIAN P. KEIGHRON**

I, BRIAN P. KEIGHRON, declare:

1.     I am an attorney admitted to practice law before all of the courts of the State of California and the United States District Court, Central District of California, and am with the law firm of Wisotsky, Procter & Shyer, attorneys for defendants in this action.  If called to testify in this matter, I could and would competently testify to the following facts.

2.     On October 28, 2014, pursuant to a stipulation of the parties, the court signed an order setting forth the following expert witness cutoff dates: Expert (Initial) disclosures were due on October 31, 2014; expert rebuttal disclosure was due on November 14, 2014; expert discovery cutoff was due on November 26, 2014. A true and correct copy of the Court's October 28, 2014 Order is attached hereto as Exhibit "A."

3.     On October 24, 2014, defendants timely served their expert witness disclosures.

4.     On October 24, 2014, the plaintiffs also timely served their expert witness disclosures.  On plaintiffs' disclosure of expert witnesses they listed Ron Martinelli as their police practices expert.  A true and correct copy of plaintiffs' disclosure of expert witnesses is attached hereto Exhibit "B."

5.     On October 27, 2014, our office served a notice of deposition of Ron Martinelli, Ph.D., on plaintiffs' counsel, scheduling Mr. Martinelli's deposition for November 7, 2014. A true and correct copy of the Notice of Deposition of Ron Martinelli, Ph.D. is attached hereto as Exhibit "C".

6.     On November 4, 2014, I was contacted by plaintiffs' counsel Brian Vogel, who informed me that the plaintiffs were withdrawing Mr. Martinelli as an

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920

10

1  expert in this matter.  Mr. Vogel confirmed our conversation by email on November

2  5, 2014.   The e-mail states that the plaintiffs have withdrawn Mr. Martinelli as an

3  expert and that defendants could cancel the November 7, 2014 deposition. A true and

4  correct copy of Mr. Vogel's e-mail dated November 5, 2014 is attached hereto as

5  Exhibit "D". In reliance thereon, I cancelled the deposition of Mr. Martinelli.

6        I declare under penalty of perjury under the laws of the United States of

7  America that the foregoing information is true and correct.

8        Executed this 2nd day of March, 2015, at Oxnard, California.

9

10                              /s/

11                              BRIAN P. KEIGHRON

WISOTSKY, PROCTER & SHYER
ATTORNEYS AT LAW
300 ESPLANADE DRIVE, SUITE 1500
OXNARD, CALIFORNIA 93036
TELEPHONE (805) 278-0920