LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, SBN 144074
Eric Valenzuela, SBN 284500
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118
dalekgalipo@yahoo.com
evalenzuela@galipolaw.com

Attorneys for *Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO RAMIREZ, et al.,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>OXNARD POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | **Case No. CV 13-01615-MWF-AN**<br><br>[*Honorable Michael W. Fitzgerald*]<br><br>**PLAITNIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER CONTINUING THE TRIAL**<br><br>[Declaration of Eric Valenzuela In Support Thereof *filed concurrently herewith*]<br><br>Trial:　June 16. 2015 |

## **Introduction**

Plaintiffs claims arising out of the death of Robert Ramirez (Decedent), who died while being taken into custody by Defendants Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner and Matthew Ross of the Oxnard Police Department ("OPD") on June 23, 2012. The medical examiner from the Ventura County Coroner's Office, who performed the autopsy, Dr. Ronald O'Halloran, found that the Decedent's manner of death was a homicide and the cause of death was asphyxia from active prone restraint (restraint asphyxia). Plaintiffs filed their Complaint on March 6, 2013 [Doc. # 1].

On February 3, 2015, during the Pre-Trial Conference, attorney Dale K. Galipo notified the Court and defense counsel that if the trial were to be continued from the February 24, 2015 scheduled date, that plaintiffs would seek leave to designate a police practices expert. During the Pre-Trial Conference Mr. Galipo did not request that the trial be continued and indicated that plaintiffs were prepared to proceed to trial as scheduled.

On February 6, 2015, the Court's advised the parties that the trial would not commence on February 24, 2015. Further, the Court requested that the parties confer on a mutually convenient date to continue the trial and provide alternative dates by February 11, 2015. (See Email from Court's Clerk attached as Ex. A to Valenzuela Declaration).

On February 9, 2015, defense counsel proposed some dates of availability for trial. (Email from Defense Counsel, attached as Ex. B to Valenzuela Declaration).

On February 10, 2015, plaintiffs' counsel proposed May 11, 2015 or June 15, 2015, as dates of availability to begin trial. (Email from Plaintiffs' Counsel, attached as Ex. C to Valenzuela Declaration).

That same day defense counsel indicated that Mr. Proctor had another federal trial set for May 12, 2015, but that on June 15, 2015, Mr. Proctor was

available to begin trial and to provide this trial date of availability to the Court "as soon as possible". (Email from Plaintiffs' Counsel, attached as Ex. D to Valenzuela Declaration). There was absolutely no mention made of Mr. Proctor being unavailable to begin trial on June 15, 2015, due to a trial in a separate matter which was scheduled to begin in Superior Court on June 8, 2015.

On February 10, 2015, plaintiffs' counsel notified the Court that the parties had conferred on a date of availability and jointly proposed a trial date of June 15, 2015. (Email from Plaintiffs' counsel to the Court's clerk, attached as Ex. E to Valenzuela Declaration).

On February 11, 2015, the Court issued its Order continuing the trial date from February 24, 2015, until June 16, 2015 [Doc. # 113].

Defendants' Ex Parte Application now seeks to continue the June 16, 2015 trial date on the grounds that Mr. Procter is scheduled to begin trial in Los Angeles Superior Court in the case of *Sachs v. Meders*, Case No. BC535961 ("*Sachs*"), which is expected to last a minimum of 12 court days. (See Defendants' Motion at 3:14-18). Defendants' motion also indicates that the Court in *Sachs* set the June 8, 2015 trial date, back on May 20, 2014 and that on May 29, 2015, Mr. Procter was advised that the trial date would proceed as scheduled. (See Def. Mot. at 4:17-25).

As an initial matter, the *Sachs* case was filed on February 10, 2014 and involves a contract dispute. (See *Sachs*' Case Summary, attached as Ex. F to Valenzuela Declaration.). Because Plaintiffs' case was filed almost one year prior to the *Sachs*' case (3/6/ 13-2/10/14), the instant case should take priority over the *Sach*'s case and be tried first, on this ground alone. In resolving scheduling conflicts regarding trials, courts will routinely give preference or priority to the case which was filed first. Especially, since the instant case is a federal civil rights case against the police involving the in-custody death of a young man which occurred all the way back on June 23, 2012, almost 3 years ago. It unreasonable

1 and unfair to plaintiffs to have the instant matter continued so that defense counsel
2 can try a separate case which was filed almost a year later.   Under these
3 circumstances, it simply makes more sense to have the *Sachs*' trial continued, and
4 not the other way around.

5      Further, Mr. Procter's office should have never agreed to the June 15, 2015
6 trial date, if Mr. Procter knew, as far back as May 20, 2014, that he was scheduled
7 to begin trial in another case on June 8, 2015, that was expected to last 12 court
8 days.   In the event Mr. Procter is implying that he was unaware that his office had
9 agreed to the June 15, 2015 trial date, at a minimum, Mr. Procter knew as early as
10 February 11, 2015, when the Court issued its Order continuing the trial until June
11 16, 2015 [Doc. # 113], that he had two trials scheduled for the same period of time.
12 Instead of immediately notifying the Court of this potential scheduling conflict,
13 Mr. Procter waited approximately 6 months after the Court issued its Order
14 continuing the trial, to seek a continuance of the trial date.   Therefore, defendants'
15 motion to continue is extremely untimely and should be denied on these grounds
16 alone.

17                **Defense Counsel is at Fault for Creating this Scheduling Conflict**
18      Defendants are at fault for Mr. Procter's current scheduling conflict
19 regarding the trial date.   Had Mr. Procter's office never agreed to the June 15,
20 2015 trial date, then the Court would never had set the trial date for June 16, 2015.
21 Therefore, defendants are not entitled to the ex parte relief they seek.   In order to
22 justify the ex parte relief sought by defendants, as the moving party, they must
23 establish that they are without fault in creating the crisis that requires ex parte
24 relief, or that the crisis occurred as a result of excusable neglect.   *Mission Power*
25 *Engineering Company v. Continental Casualty Company*, 883 F.Supp. 488, 492
26 (C.D. Cal. 1995).   To show that the moving party is without fault, or guilty only of
27 excusable neglect, it is the creation of the crisis—the necessity for bypassing
28 regular motion procedures—that requires explanation.   *Mission Power*

*Engineering Company,* 883 f.Supp. at 493.   Defendants' motion does not establish that it was without fault in creating whatever it is that it perceives as a crisis condition.   Accordingly, defendants' ex parte motion should is denied.   *Id*. at 493.

Defendants' motion states that the February 24, 2015 trial date was continued in part due to Dale Galipo being substituted in as plaintiffs' counsel.   (See Def. Mot. at 3:10-13).   However, this is inaccurate.   During the Pre-Trial Conference Mr. Galipo indicated that he was prepared to go to trial on February 24, 2015.   Mr. Galipo also stated that in the event the case was continued that he would seek to add a police practices expert, but he was clear that he was prepared to begin trial on the previously scheduled date of February 24, 2015.   Then on February 2, 2015, the Court notified the parties that the February 24, 2015 trial date would not be going forward.

After the Court continued the initial February 24, 2015 trial date, the Court asked us to provide dates of availability for trial.   Plaintiffs' counsel proposed the June 15, 2015 trial date.   Mr. Procter's office agreed to this date.   Plaintiffs' counsel notified the Court that the parties had agreed on a June 15, 2015 trial date and shortly thereafter the Court set the trial date for June 16, 2015.   Clearly it is defense counsel's fault that he agreed to a trial date of June 15, 2015, when he was already scheduled to begin trial in another case that was set to begin on June 8, 2015 and last 12 court days. Further, when the trial was continued until June 16, 2015, defendants waited almost 6 months (2/11/15- 6/2/15) until it finally requested the continuance. If on May 20, 2014, the Court in *Sachs*' set the trial date for June 8, 2015, then it was inexcusable neglect for Mr. Procter's office to agree to a June 15, 2015 trial date, when Mr. Procter is already scheduled to begin trial in another matter.   It was further inexcusable neglect to wait until June 3, 2015 to notify the Court of this scheduling conflict.   Defendants' motion claims that they are "without fault in creating the situation that requires the ex parte

relief." (Def. Mot. at 4:28-5:1). However, it is no one else's fault but defense counsel because it was Mr. Procter's office that agreed to the June 15, 2015 trial date, when Mr. Procter was already expected to be in trial in a separate matter as far back as May 20, 2014.

### Plaintiffs' Case Should be Tried Prior to the *Sachs*' Case

The instant case stems from the death of Robert Ramirez which occurred on June 23, 2012. Plaintiffs filed their initial complaint on March 6, 2013 [Doc. # 1]. Defendants wish to continue the instant matter so that he may try the *Sachs*' case which is scheduled to begin trial on June 8, 2015. The *Sachs*' case appears to be a contract dispute case which was originally filed on February 10, 2014. Therefore, because the instant case was filed almost a year prior to the Sachs' case, the instant matter should take priority and be tried first and it is the *Sachs*' case which should be continued to a later date. Not the other way around.

In the alternative, if Mr. Procter is not available to try the case then former defense counsel Brian Keighron, from Mr. Procter's office should try the case. Mr. Keighron was defense counsel for the vast majority of the case and only withdrew on May 15, 2015. Defendants' motion states that Mr. Procter has been serving as the lead trial counsel since the inception of the case. (Def. Mot. at 4:8-10) However, it was Mr. Keighron who was serving as lead trial counsel during the scheduling conference and during the Pre-Trial Conference, not Mr. Procter. Further, Mr. Keighron is the defense counsel who prepared all the pre-trial documents such as the Pre-Trial Conference Order and the Memorandum of Contentions of Fact and Law. Defendants' motion states that Mr. Keighron is now retired, however, there is no mention of Mr. Keighron's retirement in defendants' declaration in support of their motion.

Further, Mr. Galipo has numerous trials that are scheduled to begin in the next few months. Between now and the end of November, Mr. Galipo has 14

trials scheduled to begin.  (See Valenzuela Declaration, ¶ 8).  Therefore, any continuance of the trial would be very lengthy.

### Conclusion

    For the foregoing reasons, this Court should deny Defendants' Ex Parte Application to continue the trial and the trial should commence as scheduled on June 16, 2015.

Respectfully submitted,

Dated:   June 3, 2015               LAW OFFICES OF DALE K. GALIPO

                                          /s/ Eric Valenzuela
                                   Dale K. Galipo
                                   Eric Valenzuela
                                   Attorneys for Plaintiffs