LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO RAMIREZ, et al., <br><br> Plaintiffs, <br> vs. <br><br> OXNARD POLICE DEPARTMENT, et al., <br><br> Defendants. | **Case No. CV 13-01615-MWF-AN** <br><br> [*Honorable Michael W. Fitzgerald*] <br><br> **PLAINTIFFS' [PROPOSED] ADDITIONAL JURY INSTRUCTIONS** <br><br> FPTC:     June 8, 2015 <br> Trial:       June 16, 2015 |

   Plaintiffs hereby propose the following jury instructions to be used at the trial in this matter.

Dated:  June 12, 2015         LAW OFFICES OF DALE K. GALIPO


                              _____/s/ Eric Valenzuela_____
                              Dale K. Galipo
                              Eric Valenzuela
                              Attorneys for Plaintiffs

# **TABLE OF CONTENTS**

# **TABLE OF CONTENTS**

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Damages-Proof and Types of Damages | U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instructions 5.1, 5.21.2 (modified). | 1 |
| 2 | Integral Participation/Failure to Intervene | *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004); *Motley v. Parks*, 383 F.3d 1058, 1071 (9th Cir. 2004); *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994); *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir 1996); *Blankenhorn v. County of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2nd Cir. 1988). | 3 |
| 3 | Negligence-Essential Factual Elements | CACI 400(modified). | 5 |
| 4 | Negligence-Standard of Care | CACI 401(modified). | 6 |
| 5 | Causation-Substantial Factor | CACI 430(modified) | 7 |
| 6 | Causation-Multiple Causes | CACI 431 (modified) | 8 |
| 7 | Altenative Causation | CACI 434 (modified) | 9 |

# PLAINTIFF'S PROPOSED ADDITONAL JURY INSTRUCTION NO. 1
## (Damages-Proof and Types of Damages)

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be reached.

If you find for the plaintiffs on any of plaintiffs' claims, you must determine the plaintiffs' and Robert Ramirez' damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff and Robert Ramirez for any injury you find was caused by the defendants. You should consider the following as to Robert Ramirez' damages:

1. The nature and extent of his injuries;
2. The loss of enjoyment of life experienced; and
3. The mental, physical, and emotional pain and suffering he experienced.

You should also consider the following as to the plaintiffs' damages:

1. Funeral and burial expenses; and
2. The loss of Robert Ramirez' love, companionship, comfort, care, assistance, protection, affection, society and moral support.

It is for you to determine what damages, if any, have been proved. No fixed standards exist for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Source: U.S. Court of Appeals for the Ninth Circuit, Manual of Model Civil Jury Instructions, Instruction 5.1, 5.21.2.

1  DEFENDANTS' OBJECTION TO PLAINTIFFS' PROPOSED ADDITIONAL
2  INSTRUCTION NO. 1 RE: DAMAGES-PROOF AND TYPES OF DAMAGES

# PLAINTIFFS' PROPOSED ADDITIONAL JURY INSTRUCTION NO. 2
## (Integral Participation/Failure to Intervene)

Liability under section 1983 also may arise from "integral participation" or "failure to intervene" in a constitutional violation. Integral participation means that the officer participated in some meaningful way in the constitutional violation, but it does not require that each officer's actions themselves rise to the level of a constitutional violation. Likewise, an officer has an affirmative duty to intervene on behalf of a citizen whose constitutional rights are being violated in his presence by other officers is the officer has an opportunity to do so.

Source:  *Boyd v. Benton County*, 374 F.3d 773, 780 (9th Cir. 2004 ) ("Specifically, integral participation does not require that each officer's actions themselves rise to the level of a constitutional violation."); *Motley v. Parks*, 383 f.3d 1058, 1071 (9th Cir. 2004); *United States v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994) ("[A]n officer who failed to intercede when his colleagues were depriving a victim of his Fourth Amendment right to be free from unreasonable force in the course of an arrest would, like his colleagues, be responsible for subjecting the victim to a deprivation of his Fourth Amendment rights."); *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir 1996); *Blankenhorn v. County of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007); *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2nd Cir. 1988) ("A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers.") (cited and quoted by Motley).

1 DEFENDANTS' OBJECTION TO PLAINTIFFS' INSTRUCTION NO. 2 RE:
2 INTEGRAL PARTICIPATION/FAILURE TO INTERVENE

**PLAINTIFFS' PROPOSED ADDITIONAL JURY INSTRUCTION NO. 3**
**<u>(Negligence-Essential Factual Elements)</u>**

Plaintiffs claim that Robert Ramirez was harmed by the negligence of Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner and Matthew Ross.  To establish this claim, Plaintiffs must prove all of the following:

1. That at least one of the defendants Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner or Matthew Ross was negligent; and

2. That the negligence of at least one of the defendants Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner or Matthew Ross was a substantial factor in causing the death of Robert Ramirez.

<u>Source</u>:  CACI 400 (modified and omitting the second factor to reflect that the negligence claim in this case is a wrongful death claim).

DEFENDANTS' OBJECTION TO PLAINTIFFS' INSTRUCTION NO. 3

RE: NEGLIGENCE ESSENTIAL FACTUAL ELEMENTS

# PLAINTIFFS' PROPOSED ADDITIONAL JURY INSTRUCTION NO. 4
## (Negligence-Standard of Care)

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

A police officer can be negligent by acting or by failing to act. A police officer is negligent if he or she does something that a reasonably careful police officer would not do in the same situation or fails to do something that a reasonably careful police officer would do in the same situation.

You must decide how a reasonably careful police officer would have acted in Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner and Matthew Ross' situation.

Source: CACI 401 (modified to use language "police officer" rather than "person").


DEFENDANTS' OBJECTION TO PLAINTIFFS' INSTRUCTION NO. 4
RE: NEGLIGENCE STANDARD OF CARE

# PLAINTIFFS' PROPOSED ADDITIONAL JURY INSTRUCTION NO. 5
## (Causation-Substantial Factor)

A substantial factor in causing death is a factor that a reasonable person would consider to have contributed to the death.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Source:  CACI 430 (modified to reflect that the negligence claim in this case is a wrongful death claim).

### DEFENDANTS' OBJECTION TO PLAINTIFFS' INSTRUCTION NO. 5 RE: CAUSATION SUBSTANTIAL FACTOR

# PLAINTIFFS' PROPOSED ADDITIONAL JURY INSTRUCTION NO. 6
## (Causation-Multiple Causes)

An officer's negligence may combine with another factor to cause death. If you find that the negligence of Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner or Matthew Ross was a substantial factor in causing Robert Ramirez' death, then Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner or Matthew Ross is responsible for the death. Steven Ramirez, Michael Bocanegra, Roslynn Wilfert, Pedro Rodriguez, Aaron Zavala, Kyle Brantner or Matthew Ross cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Robert Ramirez' death.

Source: CACI 431 (modified to use language "police officer" rather than "person" and to reflect that the negligence claim in this case is a wrongful death claim).

## DEFENDANTS' OBJECTION TO PLAINTIFFS' INSTRUCTION NO. 6
## RE: CAUSATION MULTIPLE CAUSES

# PLAINTIFFS' PROPOSED ADDITIONAL JURY INSTRUCTION NO. 7
## (Altenative Causation)

You may decide that more than one of the defendants was negligent, but that the negligence of only one of them could have actually caused Robert Ramirez' death.  If you cannot decide which defendant caused Robert Ramirez' death, you must decide that each defendant is responsible for the harm.

However, if a defendant proves that he/she did not cause Robert Ramirez' death, then you must conclude that defendant is not responsible.

Source:  CACI 434 (modified to reflect that the negligence claim in this case is a wrongful death claim).

## DEFENDANTS' OBJECTION TO PLAINTIFFS' INSTRUCTION NO. 7
## RE: ALTERNATIVE CAUSATION