FILED
CLERK, U.S. DISTRICT COURT

JUL - 1 2015

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO RAMIREZ, TERESA RAMIREZ, and R.R., <br><br>                 Plaintiffs, <br><br>      vs. <br><br> MICHAEL BOCANEGRA, KYLE BRANTNER, STEVEN RAMIREZ, PEDRO RODRIGUEZ, MATTHEW ROSS, ROSLYNN WILFERT, and AARON ZAVALA, <br><br>               Defendants. | **CASE NO.: CV 13-1615-MWF (ANx)** <br><br> The Hon. Michael W. Fitzgerald, <br> United States District Judge <br><br><br> **JURY INSTRUCTIONS** |

-1-

# JURY INSTRUCTION NO. 1.

## Duty of Jury

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions for each of you will be sent to the jury room when you deliberate.

You must not infer from these instructions or from anything I have said or done as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### JURY INSTRUCTION NO. 2.

#### The Parties

The Plaintiffs are Guillermo Ramirez, Teresa Ramirez, and R.R.  They are the parents and minor son, respectively, of Robert Ramirez, who has been referred to at trial as Mr. Ramirez or the Decedent.   In these instructions, he will be referenced as "Robert Ramirez."

The Defendants are Officer Michael Bocanegra, Officer Kyle Brantner, Officer Pedro Rodriguez, Senior Officer Steven Ramirez, Officer Matthew Ross, Officer Roslynn Wilfert, and Officer Aaron Zavala.  Collectively, the Defendants will be referenced in these instructions as "the Officers".

## JURY INSTRUCTION NO. 3.

### Claims and Defenses

I will now give you a brief summary of the positions of the parties:

The Plaintiffs claim the following four things:

1. The Officers violated Robert Ramirez's constitutional rights by using excessive force against him.
2. The Officers violated Robert Ramirez's constitutional rights by being deliberately indifferent to Robert Ramirez's medical needs.
3. The Officers violated the Plaintiffs' own constitutional rights by wrongfully interfering with their family relationship with Robert Ramirez; and
4. The Officers caused the wrongful death of Robert Ramirez by their negligence.

The Plaintiffs have the burden of proving these claims by a preponderance of the evidence.

The Officers deny the Plaintiffs' claims. The Officers claim that they were acting in a reasonable and good faith manner to restrain Robert Ramirez so that he could receive emergency medical attention and that their conduct did not violate his constitutional rights or cause his death.

# JURY INSTRUCTION NO. 4.

## Burden of Proof

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# JURY INSTRUCTION NO. 5.

## Different Parties

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

**JURY INSTRUCTION NO. 6.**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of any witness;

2.  The exhibits which are received into evidence; and

3.  Any facts to which the lawyers have agreed.

# JURY INSTRUCTION NO. 7.

## What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## JURY INSTRUCTION NO. 8.

### Evidence for a Limited Purpose

Some evidence may be admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## JURY INSTRUCTION NO. 9.

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# JURY INSTRUCTION NO. 10.

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it is not permitted by the rules of evidence, that lawyer objected. If I overruled the objection, the question was answered or the exhibit was received. If I sustained the objection, the question was not answered or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# JURY INSTRUCTION NO. 11.

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness's testimony;
6. the reasonableness of the witness's testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 12.

### No Transcript Available to Jury

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

**JURY INSTRUCTION NO. 13.**

**Use of Notes**

Whether or not you took notes during the trial, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 14.

### Transcript of Tape Recording

You have listened to tape recordings that have been received in evidence. You will have a copy of each tape recording in the jury room. You will also have transcripts in the jury room that contain measurements of time starting from the beginning of that particularly tape. However, bear in mind that the tape recording is the evidence, not the transcript. If you heard something different from what appears in the transcript, what you heard is controlling.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# JURY INSTRUCTION NO. 15.

## Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

# JURY INSTRUCTION NO. 16.

## Charts and Summaries not in Evidence

Certain charts and summaries not received in evidence have been shown to you in order to help explain the testimony, or as demonstrative aids which you will see during closing arguments. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

# JURY INSTRUCTION NO. 17.

## Charts and Summaries in Evidence

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 18.

### Party Need Not Call All Witnesses

The law does not require any party to call as witnesses all parties who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

# JURY INSTRUCTION NO. 19.

## Survival and Individual Claims

In this matter, there are two kinds of claims that are being brought.  One type of claim is called a survival claim.  A survival claim is brought on behalf of the decedent, Robert Ramirez, and seeks damages suffered by Robert Ramirez himself.

The survival claims in this matter include the constitutional claims for excessive use of force and for deliberate indifference to medical needs.

The second type of claim is an individual claim brought by Robert Ramirez's relatives, which is to say the Plaintiffs, for the damages they have suffered as a result of the death of Robert Ramirez.

The individual claims in this matter include the constitutional claim for governmental interference with a family relationship and the claim for negligence.

# JURY INSTRUCTION NO. 20.

## Excessive Force

The Plaintiffs' first claim is that the Officers violated Robert Ramirez's constitutional rights by unreasonably seizing him in violation of the Fourth Amendment to the United States Constitution.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest, detaining an individual, or in defending himself or others.  Thus, in order to prove an unreasonable seizure in this case, the Plaintiffs must prove by a preponderance of the evidence that the Officers used excessive force when they restrained and controlled Robert Ramirez prior to his being treated by the paramedics.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the Officers used excessive force in this case, consider all of the circumstances known to the Officers on the scene, including:

1. The severity of the circumstances to which the Officers were responding;

2. Whether Robert Ramirez posed an immediate threat to the safety of the Officers, himself, or to others;

3. Whether Robert Ramirez was actively resisting the Officers' attempts to restrain him;

4. The amount of time and changing circumstances during which the Officers had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used; and

6. The availability of alternative methods to restrain Robert Ramirez.

# JURY INSTRUCTION NO. 21.

## Deliberate Indifference to Medical Needs

The Plaintiffs' second claim is that the Officers violated Robert Ramirez's constitutional rights through their deliberate indifference to his serious medical needs, in violation of the Fourteenth Amendment to the Constitution. To prove this claim against any Officer, the Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. The Officer was deliberately indifferent to Robert Ramirez's medical needs, that is, that the Officer knew of the medical needs and disregarded Robert Ramirez's medical needs by failing to take reasonable measures to address them; and

2. The act or failure to act of that Officer was a substantial factor in causing harm to Robert Ramirez.

Deliberate indifference to medical needs may be evidenced by an intentional denial or delay in access to medical care. A mere inadvertent or negligent failure to provide adequate medical care does not constitute deliberate indifference. Intent ordinarily may not be proved directly because there is no way of searching or seeing inside the operations of the human mind. But you may infer a person's intent from surrounding circumstances. You may consider any statement made or act done or omitted by a party whose intent is in issue and all other facts and circumstances that indicate his or her state of mind. You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is for you to decide what facts have been established by the evidence.

# JURY INSTRUCTION NO. 22.

## Freedom from Unlawful Governmental Interference with
## a Family Relationship

The right to be free from unlawful governmental interference with a family relationship is guaranteed by the Fourteenth Amendment to the United States Constitution. The Plaintiffs' third claim is that the Officers violated the Plaintiffs' right to freedom from unlawful governmental interference with their relationship with Robert Ramirez by causing his death.

To prove this claim against any Officers, the Plaintiffs must prove all of the following elements by a preponderance of the evidence:

1. The conduct of the Officer shocks the conscience;

2. The Officer had an opportunity for actual deliberation; and

3. The Officer's conduct was a substantial factor in causing the death of Robert Ramirez.

Conduct that shocks the conscience is conduct where an Officer acted with deliberate indifference. "Deliberate indifference" to the rights of others is the conscious or reckless disregard of the consequences of one's acts or omissions. Deliberate indifference requires more than negligence or ordinary lack of due care.

# JURY INSTRUCTION NO. 23.

## Integral Participation

Liability for violations of constitutional rights also may arise from "integral participation" or "failure to intervene" in a constitutional violation. Integral participation means that the Officer participated in some meaningful way in the constitutional violation, but it does not require that each Officer's actions themselves rise to the level of a constitutional violation. Likewise, an Officer has an affirmative duty to intervene on behalf of a citizen whose constitutional rights are being violated in his or her presence by other Officers if the Officer has an opportunity to do so.

# JURY INSTRUCTION NO. 24.

## Negligence

Plaintiffs' fourth claim is that Robert Ramirez was harmed by the Officers' negligence. To establish this claim, Plaintiffs must prove the following by a preponderance of the evidence:

1. That at least one of the Officers was negligent;

2. That the negligence of at least one of the Officers was a substantial factor in causing the death of Robert Ramirez.

# JURY INSTRUCTION NO. 25.

## Basic Standard of Care - Negligence

Negligence is the failure to use reasonable care to prevent harm to oneself or to others.

An Officer can be negligent by acting or by failing to act. An Officer is negligent if he or she does something that a reasonably careful police officer would not do in the same situation or fails to do something that a reasonably careful police officer would do in the same situation. In determining whether an Officer acted with reasonable care, you may consider the standards and training that apply to police officers.

This case involves an emergency situation. You must decide how a reasonably careful police officer would have acted in similar circumstances, even if it appears later that a different course of action would have been safer.

# JURY INSTRUCTION NO. 26.

## Substantial Factor

A substantial factor in causing harm or death is a factor that a reasonable person would consider to have contributed to the harm or death.  It must be more than a remote or trivial factor.  It does not have to be the only cause of harm or death.

**JURY INSTRUCTION NO. 27.**

**Causation: Multiple Causes**

An Officer's use of excessive force or negligence may combine with another factor to cause harm.  If you find that an Officer's use of excessive force or negligence was a substantial factor in causing Robert Ramirez's harm, then that Officer is responsible for the harm. An Officer cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Robert Ramirez's harm.

## JURY INSTRUCTION NO. 28.

### Comparative Negligence

As a defense, the Officers claim that Robert Ramirez's own negligence contributed to his death.  To succeed on this defense, an Officer found liable for negligence must prove both of the following by a preponderance of the evidence:

1. That Robert Ramirez was negligent; and
2. That Robert Ramirez's negligence was a substantial factor in causing his death.

A person is not necessarily negligent just because he or she used drugs. However, people who take drugs must act just as carefully as those who do not.

# JURY INSTRUCTION NO. 29.

## Damages

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on any of the Plaintiffs' claims, you must determine the Plaintiffs' damages. The Plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs and Decedent for any injury you find was caused by an Officer. You should consider the following:

1. The nature and extent of Robert Ramirez's injuries; and
2. The mental, physical, and emotional pain and suffering Robert Ramirez experienced while dying.

You should also consider the following as to Guillermo Ramirez, Teresa Ramirez, and R.R.'s damages:

1. Funeral and burial expenses; and
2. The loss of Robert Ramirez's love, companionship, comfort, care, assistance, protection, affection, society and moral support.

It is for you to determine what damages, if any, have been proved. No fixed standard exists for deciding the amount of these noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Because some Plaintiffs are entitled to damages for some claims but not others, and because damages are to be assessed for each Plaintiff individually, the

1  verdict form will direct you to decide the damages for each of the Plaintiffs as is

2  appropriate for liability on each of the claims, if any.

1

## JURY INSTRUCTION NO. 30.

2

### Nominal Damages

3       For the Plaintiffs' first three claims, based on violations of constitutional

4   rights, the Plaintiffs have the right to receive nominal damages.  If you find for a

5   Plaintiff but you find that the Plaintiff has failed to prove damages as defined in

6   these instructions, you must award nominal damages.  Nominal damages may not

7   exceed one dollar.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. 31.

### Damages are to Compensate only for Injuries, not for Each Right

The Plaintiffs are entitled to be compensated only for the injuries or harm suffered by either Robert Ramirez or themselves.  Thus, if you find for the Plaintiffs on more than one claim, but the resulting injuries or harm were no greater than the injuries or harm would have been on only one claim, then you should award an amount of damages no greater than you would award if you had found for the Plaintiffs on only one claim.

# JURY INSTRUCTION NO. 32.

## Susceptibility to Death

If you find that any Officer (under any claim) caused harm or injury to Robert Ramirez, then you must determine the full amount of damages that is owed to the Plaintiffs, even if Robert Ramirez was more susceptible to dying than a normally healthy person.

# JURY INSTRUCTION NO. 33.

## Presiding Juror and Deliberation

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous. That means each answer on the verdict form must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 34.

### Case must be decided on only evidence presented

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the Court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 35.

### Communication During Deliberation

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

## JURY INSTRUCTION NO. 36.

### Returning Verdict Form

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the Court that you are ready to return to the courtroom.