1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO RAMIREZ; TERESA RAMIREZ; and R.R., by and through his guardian ad litem ANTONIO ANGUIANO CERVANTEZ, <br><br>    Plaintiffs, <br><br>    vs. <br><br> OXNARD POLICE DEPARTMENT; CITY OF OXNARD; CHIEF JERI WILLIAMS; STEVEN RAMIREZ; MICHAEL BOCANEGRA; ROSLYNN WILFERT; PEDRO RODRIGUEZ; AARON ZAVALA; KYLE BRANTNER; MATTHEW ROSS; and DOES 1 through 100, inclusive, <br><br>    Defendants. | CASE NO. CV 13-01615-MWF-AN <br><br> **ORDER APPROVING UNOPPOSED PETITION FOR COMPROMISE OF THE CLAIMS OF R.R., A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, ANTONIO ANGUIANO CERVANTES** |

Before the Court is Plaintiff R.R.'s Unopposed Petition for Compromise of the Claims of R.R., a Minor, by and through his Guardian Ad Litem, Antonio Aguiano (the "Petition"), filed on January 27, 2016.  (Docket No. 234).

## I.      **BACKGROUND**

This action arose out of the death of Robert Ramirez ("Decedent") at the hands of several members of the Oxnard Police Department.  On July 1, 2015, the jury returned a verdict in favor of Plaintiffs Teresa Ramirez (Decedent's mother), Guillermo Ramirez (Decedent's father), and minor R.R. (Decedent's two-year-old son).  (Judgment After Trial at 2-8 (Docket No. 188)).  The jury awarded a total of $2,925,000 in damages, distributed among Plaintiffs as follows:  $75,000 to Decedent, $625,000 to Plaintiff Teresa Ramirez, $625,000 to Plaintiff Guillermo Ramirez, and $1,600,000 to Plaintiff R.R.  (*Id.* at 3-6).  The Court, in addition, awarded Plaintiffs costs and statutory attorneys' fees in the sum of $1,133,968.90, increasing the total recovery to 4,058,968.90.  (Order Re: Motions for Attorneys' Fees at 17 (Docket No. 219)).  On October 19, 2015, Defendants filed a timely Notice of Appeal.  (Docket No. 220).

Pursuant to a recent settlement agreement, Defendants agreed to dismiss the appeal in exchange for a $100,000 reduction in the Court-awarded attorneys' fees and vacatur of the judgment entered against Defendants.  (Declaration of Dale K. Galipo ("Galipo Decl.") ¶ 2 (Docket No. 234)).  On January 6, 2016, the Ninth Circuit granted Defendants' motion for voluntary dismissal.  (*Id.*).

The Petition now seeks the Court's approval of the settlement agreement and proposed distribution of its proceeds.  (Petition at 1).  Plaintiffs' damages of $2,925,000 are subject to a 40% contingency fee, as provided in the retainer agreement between Plaintiffs and their counsel.  (*Id.* ¶ 4).  The retainer agreement also provides that the 40% contingency fee is independent from any attorneys' fees awarded under 42 U.S.C. § 1988.  (*Id.*).  Plaintiffs' counsel has voluntarily reduced the contingency percentage as to Plaintiff R.R. to 33.33% and agreed to waive $20,454.59 in costs not covered by the Court's fee award.  (*Id.*).  With these modifications in mind, the Petition seeks to distribute the settlement funds as follows:

2

| | |
|---|---|
| Court-Awarded Fees | $1,033,968.90 (reduced by $100,000) |
| Contingency Attorneys' Fees Charged to Plaintiff R.R. | $558,333.33 |
| Contingency Attorneys' Fees Charged to Plaintiff Teresa Ramirez | $250,000 |
| Contingency Attorneys' Fees Charged to Plaintiff Guillermo Ramirez | $250,000 |
| Total Recovery for Plaintiff R.R. | $1,116,666.70 (including $75,000 awarded to Decedent) |
| Total Recovery for Plaintiff Teresa Ramirez | $375,000 |
| Total Recovery for Plaintiff Guillermo Ramirez | $375,000 |
| **Total:** | **$3,958,968.00** |

*Id.* ¶ 3).  The Petition requests that Plaintiff R.R.'s net settlement amount be used to fund a structured annuity, which would be distributed to Plaintiff R.R. at multiple intervals between the ages of eighteen and thirty-three.  (*Id.* ¶ 10).  The annuity would be guaranteed to provide tax-free disbursements totaling $2,370,000.  (*Id.*).

## II.   DISCUSSION

It is well settled that courts have "a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to conduct its own inquiry to determine whether the settlement serves

1   the best interests of the minor." *Id.* (internal quotation marks and citations

2   omitted).  The Court should focus its inquiry on "whether the net amount distributed

3   to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of

4   the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1182.

5        The Local Rules of this District, moreover, provide that "[i]nsofar as

6   practicable, hearings on petitions to . . . compromise . . . a claim in an action

7   involving a minor or incompetent person shall conform to Cal. Code Civ. Proc. §

8   372 and California Rule of Court 3.1384."  Local Rule 83-5.2.  Rule 3.1384, in turn,

9   requires a petition for approval of a minor's compromise to comply with Rules

10  7.950-7.952.  Cal. R. Ct. 3.1384.  These provisions require, as pertinent here,

11  verification of the petition to approve settlement of the minor's claims; disclosure of

12  all information that has any bearing on the reasonableness of the settlement; and

13  disclosure of certain information regarding any attorneys who assisted in drafting

14  the petition.  Cal. Code Civ. Proc. § 372; Cal R. Ct. 7.950-7.952.

15       The Petition complies with all of these requirements.  It has been verified by

16  Plaintiff R.R.'s guardian ad litem, who had appeared before the Court prior to his

17  appointment and personally stated his understanding of his fiduciary duties owed to

18  Plaintiff R.R.  (Petition at 14).  The Petition also recites the procedural history of

19  this case, information about the settlement terms, provisions of Plaintiffs' retainer

20  agreement, and details of the proposed structured annuity for Plaintiff R.R.  (*Id*. at 6-

21  9).  Finally, Plaintiffs' counsel, who prepared the Petition, avers that they have no

22  conflict of interest with any other party in this matter; they do not expect to receive

23  any compensation besides the fees described above; and they have voluntarily

24  waived costs not covered by the Court's fee award and reduced the contingency

25  percentage as to Plaintiff R.R. to 33.33%.  (*Id.* at 10-11).

26       Having carefully reviewed the Petition, the Court finds that the settlement is

27  fair, reasonable, and in the best interests of the minor.  Plaintiff R.R.'s net settlement

28  proceeds of $1,116,666.70 represent the total amount the jury awarded to Decedent

and Plaintiff R.R., less the 33.33% contingency fee charged by Plaintiffs' counsel. While the contingency fee is on the higher end of the spectrum, it is reasonable in light of counsel's voluntary waiver of costs as well as the difficulty and risk involved in prosecuting this action.  Indeed, this Court has noted multiple times that counsel achieved "substantial success" in obtaining a "considerable" jury verdict of almost $3 million.  (Order Re: Motions for Attorneys' Fees at 13); *see* Cal. R. Ct. 7.955 (stating that, when determining a reasonable attorney's fee for services to a minor, a court may consider the "amount involved and the results obtained," and the "time and labor required").  Courts have approved even greater contingency fees in similar circumstances.  *See, e.g.*, *Welch v. Cnty. of Sacramento*, No. 2:07-CV-00794-GEBEFB, 2008 WL 3285412, at *1-2 (E.D. Cal. Aug. 5, 2008) (finding that a 35% contingency fee was justified where counsel assumed more financial risk than is typical for a lawyer in a contingency fee because he risked losing up-front costs paid from his own pocket); *Reyes ex rel. Servin v. City of Pinole*, No. C 12-2636 LB, 2013 WL 3157902, at *2 (N.D. Cal. June 20, 2013) (approving a settlement of $400,000 "half of which is allocated for attorneys' fees").

Accordingly, the Court **ORDERS** as follows:

1.      The Petition is **GRANTED**;

2.      The settlement of this action against Defendants in the amount of $3,958,968.00 is hereby approved.  Defendant City of Oxnard, through counsel, shall prepare and deliver the drafts for the settlement proceeds in the amount of $3,958,968.00, no later than fourteen (14) days from the date of this Order, payable as follows:

a.   A draft for $558,333.33 shall be made payable to the Law Offices of Dale K. Galipo.  These funds shall be used to satisfy the contingency attorney fees owed by Plaintiff R.R. to his counsel;

b.   A draft for $1,250,000.00 shall be made payable to the Law Offices of Dale K. Galipo Attorney Trust Account.  These funds shall be used to

5

1    satisfy the portions of the settlement owed to Plaintiffs Teresa Ramirez

2    and Guillermo Ramirez and the contingency attorney fees owed to

3    Plaintiffs' counsel;

4    c.   A draft for $1,033,968.90 shall be made payable to the Law Offices of

5    Dale K. Galipo.  These funds shall be used to satisfy the statutory

6    attorneys' fees and Court-awarded costs owed by Defendants to

7    Galipo's firm, Bamieh & Erickson, PLC, and the Law Officers of Brian

8    A. Vogel, PC;

9    d.   A draft for $1,116,666.70 shall be made payable to Pacific Life &

10   Annuity Services, Inc. ("Assignee").  These funds shall be used to

11   purchase an annuity in accord with the Addendum to this Order

12   ("**Exhibit A**"), which outlines future periodic payments.  With these

13   funds, Assignee shall purchase on behalf of Plaintiff R.R. an annuity

14   policy from Pacific Life Insurance Company, which is rated A+

15   (Superior) second highest of fifteen, as determined by A.M. Best

16   Company.  Pacific will act as Guarantor for Assignee of the payments

17   outlined in **Exhibit A**.  The funds shall be disbursed in accord with the

18   terms of the Annuity as outlined in **Exhibit A**.  Disbursement drafts

19   will be made payable and will begin being issued directly to Plaintiff

20   R.R. upon reaching the age of maturity according to the payment

21   schedule.

22

23       IT IS SO ORDERED.

24

25   DATED:  February 17, 2016.

26                                                    _____

27                                                    MICHAEL W. FITZGERALD
                                                      United States District Judge

28

6